**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-1566**

ENERY FERNANDEZ-PINEIRO, et al.,

        Plaintiffs - Appellants,

    v.

BAUSCH & LOMB, INC.,

        Defendant - Appellee.

**No. 10-1599**

In Re:  BAUSCH & LOMB INCORPORATED CONTACT LENS SOLUTION
PRODUCTS LIABILITY LITIGATION; SPECIAL MASTER DANIEL CAPRA.

------------------------------

SAMUEL CRUZ DE JESUS; EDUARDO RODRIGUEZ; MARIA T. BURGOS;
IRIS AQUILES RAMOS,

        Plaintiffs – Appellants,

    and

EVA I. GARCIA; SHIRLEY MELENDEZ RIVERA; ELIZABETH MENDEZ
SOTO; ZENAIDA LOPEZ ORTIZ; NILSA RIVERA, on her own behalf
and in representation of her minor daughter Marnie N.
Sanchez Rivera,

        Plaintiffs,

    v.

BAUSCH & LOMB, INC.,

          Defendant – Appellee,

    and

INSURANCE COMPANY ABC,

          Defendant.

---

## No. 10-1601

In Re:  BAUSCH & LOMB INCORPORATED CONTACT LENS SOLUTION PRODUCTS LIABILITY LITIGATION; SPECIAL MASTER DANIEL CAPRA.

------------------------------

RUDOLPH V. DECLET-FLORES; MARIELI TIRADO-LOPEZ; CONJUGAL PARTNERSHIP DECLET-TIRADO; HECTOR MENDEZ,

          Plaintiffs – Appellants,

    v.

BAUSCH & LOMB, INC.,

          Defendant – Appellee,

    and

INSURANCE COMPANY ABC,

          Defendant.

---

## No. 10-1634

In Re:  BAUSCH & LOMB INCORPORATED CONTACT LENS SOLUTION PRODUCTS LIABILITY LITIGATION; SPECIAL MASTER DANIEL CAPRA.

------------------------------

NOEMI CORTES-IRIZARRY,

    Plaintiff – Appellant,

  v.

BAUSCH & LOMB, INC.,

    Defendant - Appellee.

----

Appeals from the United States District Court for the District of South Carolina, at Charleston.  David C. Norton, Chief District Judge.  (2:06-cv-02702-DCN; 2:06-cv-03273-DCN; 2:06-cv-03272-DCN; 2:06-cv-03477-DCN; 2:06-mn-77777-DCN)

----

Submitted:  April 18, 2011    Decided:  April 29, 2011

----

Before MOTZ, DUNCAN, and AGEE, Circuit Judges.

----

Affirmed by unpublished per curiam opinion.

----

Eric Quetglas-Jordan, QUETGLAS LAW OFFICE, San Juan, Puerto Rico; E. Kirk Wood, Jr., WOOD LAW FIRM, L.L.C., Birmingham, Alabama; John E. Mudd, LAW OFFICES OF JOHN E. MUDD, San Juan, Puerto Rico; Emilio F. Soler, SOLER & SOLER, San Juan, Puerto Rico, for Appellants.  Marie S. Woodbury, Eric M. Anielak, SHOOK, HARDY & BACON, L.L.P., Kansas City, Missouri; Michael T. Cole, William C. Wood, Jr., NELSON, MULLINS, RILEY & SCARBOROUGH, L.L.P., Charleston, South Carolina, for Appellee.

----

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Enery Fernandez-Pineiro, Samuel Cruz de Jesus, and Rudolph Declet-Flores (collectively "Summary Judgment Appellants") appeal the district court's judgment granting summary judgment in favor of Bausch & Lomb, Inc. ("Bausch & Lomb") on their products liability claims, and Noemi Cortés-Irizarry appeals the court's judgment denying her Fed. R. Civ. P. 59(e) motion to alter or amend. We affirm.

Bausch & Lomb manufactured the multipurpose contact lens solution ReNu MoistureLoc ("MoistureLoc") for use in the daily cleaning and disinfection of certain contact lenses. Pursuant to FDA standards, Bausch & Lomb tested MoistureLoc and believed that it was effective in killing the microorganisms that cause eye infections. In 2006, nearly two years after Bausch & Lomb began marketing MoistureLoc in the United States, outbreaks of *Fusarium* keratitis, a fungal eye infection, were reported among MoistureLoc users. Bausch & Lomb began an investigation into the connection between MoistureLoc and *Fusarium* keratitis and withdrew MoistureLoc from stores. In late 2006, the Centers for Disease Control ("CDC") and FDA published findings indicating that users of MoistureLoc were at an increased risk for developing *Fusarium* keratitis.

Following the FDA and CDC reports, and Bausch & Lomb's decision to remove MoistureLoc from the market, users of

4

MoistureLoc instituted products liability actions against Bausch & Lomb in courts around the country. Suits (including those commenced by the Appellants in this action) that were commenced in or removed to federal court were consolidated for pre-trial proceedings in South Carolina district court by order of the Judicial Panel on Multidistrict Litigation.

The plaintiffs in the district court proceedings were made up of two groups: those who had suffered from *Fusarium* keratitis, and those who had suffered from other eye infections not related to the *Fusarium* strain. Bausch & Lomb contends that those plaintiffs who alleged they had suffered non-*Fusarium* infections could not demonstrate that their use of MoistureLoc caused the infections. After a hearing conducted pursuant to Fed. R. Evid. 702 and Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 592 (1993), the district court excluded as unreliable the only causation evidence the plaintiffs had put forth on their non-*Fusarium* claims. Bausch & Lomb moved for summary judgment against the non-*Fusarium* plaintiffs, and the court granted the motion.

After summary judgment was granted, Cortés-Irizarry moved, pursuant to Fed. R. Civ. P. 59(e), to alter or amend the judgment or to reconsider. Cortés-Irizarry claimed, for the first time, that she had medical evidence to support a claim that she suffered from *Fusarium* keratitis. Cortés-Irizarry

5

attached to her motion a report in support of her claim by Dr. Carmen Santos. The report suggested that Cortés-Irizarry's illness may be related to the *Fusarium* bacteria. The court, however, denied the motion on the grounds that the report was available prior to the hearing on summary judgment and Cortés-Irizarry did not present it to the court at that time. This appeal followed.


I. Summary Judgment (Nos. 10-1566/1599/1601)

This court reviews de novo a district court's order granting summary judgment and views the facts in the light most favorable to the nonmoving party. <u>Rowzie v. Allstate Ins. Co.</u>, 556 F.3d 165, 167 (4th Cir. 2009). Summary judgment is appropriate when no genuine issue of material fact exists and the moving party "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment will be granted unless "a reasonable jury could return a verdict for the nonmoving party" on the evidence presented. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).


a. Failure to Warn Negligence

Summary Judgment Appellants first claim that the court either misconstrued or ignored their failure to warn negligence claim. Under Puerto Rican law, which the parties agree applies

6

to the substantive issues adjudicated on summary judgment, to satisfy the elements of a failure to warn claim, the plaintiff must prove "(1) the manufacturer knew, or should have known of the risk inherent in the product; (2) there were no warnings or instructions, or those provided were inadequate; (3) the absence of warnings made the product inherently dangerous; (4) the absence of adequate warnings or instructions was the proximate cause of plaintiff's injury." Cruz-Vargas v. R.J. Reynolds Tobacco Co., 348 F.3d 271, 276 (1st Cir. 2003) (internal citations omitted).

Summary Judgment Appellants argue that the district court erred by imposing a requirement that they offer proof of a products defect in order to satisfy the elements of negligent failure to warn. They claim that the district court conflated the elements of strict liability failure to warn with negligent failure to warn, and that under Puerto Rican law, they have offered sufficient evidence to survive summary judgment. They claim that they have presented a valid claim that Bausch & Lomb would still be liable due to its failure to warn plaintiffs that they could suffer eye infections notwithstanding their use of MoistureLoc, even in the absence of a product defect.

We have reviewed the record, and conclude that their claim is without merit. Even if Puerto Rican law supports their claim, the record is devoid of any evidence to survive a motion

7

for summary judgment. To the extent that Summary Judgment Appellants properly pled and preserved this cause of action, they have adduced no evidence to support it. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986) (no genuine issue of material fact where the nonmoving party makes a complete failure of proof concerning an essential element of the nonmoving party's case).

b.  Causation

Summary Judgment Appellants next argue that the district court erred in imposing a requirement of general causation where the laws of Puerto Rico recognize no such requirement. They argue that Puerto Rican courts simply reject the concept of general causation, and instead, focus on whether the plaintiffs were able to adduce evidence of "adequate cause." "Adequate cause, parallel to proximate cause, is that which, in light of general experience, ordinarily produces the damages suffered. In other words, that which in the ordinary and normal course of events would have resulted in the occurrence of plaintiffs' damages." Perez v. Hyundai Motor Co. 440 F. Supp. 2d 57, 73-74 (D.P.R. 2006).

We find the distinction Summary Judgment Appellants attempt to draw between adequate cause and general causation unpersuasive. Under either standard, the Plaintiffs must prove

that a product defect in MoistureLoc caused their injuries. At the _Daubert_ hearing, the district court essentially rejected that claim for non-_Fusarium_ plaintiffs. See _In re Bausch & Lomb Inc., Contact Lens Solution Prods. Liab. Litig._, No. 2:06-MN-77777-DCN (D.S.C. Aug. 26, 2009). In addition, Fed. R. Evid. 702 allows expert testimony only to the extent that it is reliable. Summary Judgment Appellants adduced no reliable expert testimony prior to summary judgment showing that MoistureLoc caused their injuries. Accordingly, we decline to disturb the district court's grant of summary judgment.

## II.  Rule 59(e) Motion (No. 10-1634)

Cortés-Irizarry appeals the district court's order denying her Fed. R. Civ. P. 59(e) motion to alter or amend the order granting summary judgment. "This court reviews the denial of a Rule 59(e) motion under the deferential abuse of discretion standard." _Robinson v. Wix Filtration Corp._, 599 F.3d 403, 407 (4th Cir. 2010). To demonstrate entitlement to relief under Rule 59(e), a movant has to demonstrate (1) an intervening change in controlling law; (2) new evidence not available at trial; or (3) that there has been a clear error of law or a manifest injustice. _Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co._, 148 F.3d 396, 403 (4th Cir. 1998). Measured against these

requirements, the district court's denial of Cortés-Irizarry's Rule 59(e) motion easily survives appellate scrutiny.

While Rule 59 "permits a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings," motions under that rule may not be used "to raise arguments which could have been raised prior to the issuance of the judgment[.]" Id. (citing cases). The record reveals that Cortés-Irizarry's medical expert report was dated September 2009; nearly four months before the hearing on Bausch & Lomb's summary judgment motion. Cortés-Irizarry did not file a separate response to the motion for summary judgment. Rather, she relied on the general response from the Plaintiff's Steering Committee. In her brief on appeal, Cortés-Irizarry states that she relied on the general response because she deemed it to be "a legally comprehensive document." This misjudgment, which caused her to fail to provide relevant evidence to the district court prior to summary judgment, was not adequate justification to permit her to reopen her case. Accordingly, we conclude that the district court did not abuse its discretion in denying Cortés-Irizarry's Rule 59(e) motion.

We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

10

before the court and argument would not aid the decisional process.

AFFIRMED