**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-1999**

TINA MAWING; HORSEMEN'S BENEVOLENT PROTECTION ASSOCIATION,

             Plaintiffs - Appellees,

        v.

PNGI CHARLES TOWN GAMING, L.L.C., d/b/a Charles Town Races and Slots,

             Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  John Preston Bailey, Chief District Judge.  (3:09-cv-00068-JPB)

Submitted:  March 28, 2011              Decided:  May 2, 2011

Before MOTZ, GREGORY, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Brian M. Peterson, Charles F. Printz, Jr., BOWLES, RICE, MCDAVID, GRAFF & LOVE, P.L.L.C., Martinsburg, West Virginia, Joseph E. Wolfson, Stacey A. Scrivani, STEVENS & LEE, P.C., King of Prussia, Pennsylvania, for Appellant.  David M. Hammer, HAMMER, FERRETTI & SCHIAVONI, Martinsburg, West Virginia, Harry P. Waddell, LAW OFFICE OF HARRY P. WADDELL, Martinsburg, West Virginia, Gregory A. Bailey, ARNOLD & BAILEY, Shepherdstown, West Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tina Mawing, a racehorse trainer, and the Horseman's Benevolent Protective Association ("HBPA"), a non-profit bargaining representative for West Virginia horsemen, filed a complaint against PNGI Charles Town Gaming, LLC, d/b/a Charles Town Races and Slots ("CTRS"), seeking injunctive relief and damages for breach of contract, due process, and retaliation claims arising out of CTRS's denial of horse stalls to Mawing. CTRS moved for summary judgment, and the district court submitted the claims to arbitration pursuant to the arbitration provision[1] in the collective bargaining agreement between HBPA and CTRS.[2] CTRS filed a Fed. R. Civ. P. 59(e) motion to alter or amend the judgment, which the district court denied.

CTRS appealed, arguing that (1) the contractual claim was correctly submitted to arbitration but that the due process and retaliation claims were not covered by the arbitration

---

[1] The arbitration provision reads:

In the event there is a disagreement between the parties as to whether any party has complied with the terms or conditions in this Agreement, then Charles Town Races and the HBPA shall each choose an Arbitrator and the two Arbitrators shall choose a third Arbitrator. The Board of Arbitrators shall decide the issues involved and each party agrees to be bound by the decision of the arbitration panel.

[2] Mawing is an HBPA member. Pursuant to the agreement, HBPA is the exclusive bargaining agent of its members.

2

agreement; (2) the district court erred in declining to grant summary judgment on the non-contract claims; and (3) the district court erred in denying its Rule 59(e) motion. Finding no reversible error, we affirm.

We review a district court's arbitrability determination de novo. United States v. Bankers Ins. Co., 245 F.3d 315, 319 (4th Cir. 2001). The Federal Arbitration Act, 9 U.S.C. §§ 1-14 (2006), provides that a written arbitration agreement "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. To compel arbitration, a court must find that an arbitration agreement exists between two parties and that the dispute at issue falls within the scope of the agreement. Hightower v. GMRI, Inc., 272 F.3d 239, 242 (4th Cir. 2001). "To decide whether an arbitration agreement encompasses a dispute a court must determine whether the factual allegations underlying the claim are within the scope of the arbitration clause, regardless of the legal label assigned to the claim." J.J. Ryan & Sons, Inc. v. Rhone Poulenc Textile, S.A., 863 F.2d 315, 319 (4th Cir. 1988). In assessing arbitrability, a court is obliged to give effect to the intentions of the parties, but any ambiguities regarding the scope of an arbitration clause should be resolved

in favor of arbitration. <u>Wachovia Bank, Nat'l Ass'n v. Schmidt</u>, 445 F.3d 762, 767 (4th Cir. 2006).

We hold that the district court properly submitted all of Plaintiffs' claims to arbitration. The allocation of stalls is governed by the HBPA agreement's "stalls" provision. As the arbitration agreement covers disputes over compliance with the terms or conditions of the HBPA agreement, it extends to the stalls provision. Thus, regardless of Plaintiffs' due process and retaliation labels, their factual allegation that CTRS improperly refused to allocate stalls to Mawing falls within the scope of the arbitration agreement. Because the district court did not err in submitting the claims to arbitration, we further hold that the district court correctly declined to reach the merits of the due process and retaliation claims, <u>see</u> <u>AT&T Tech., Inc. v. Commc'n Workers for Am.</u>, 475 U.S. 643, 649 (1986), and properly denied CTRS's Rule 59(e) motion. <u>See Robinson v. Wix Filtration Corp.</u>, 599 F.3d 403, 407 (4th Cir. 2010).

Accordingly, we affirm the district court's orders. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4