Affirmed by published opinion. Judge DUNCAN wrote the majority opinion, in which Judge DAVIS joined. Judge DAVIS wrote a separate concurring opinion. Judge KING wrote a dissenting opinion.
OPINION
DUNCAN, Circuit Judge:
Thomas Robinson (“Appellant”) appeals the denial of his post-judgment motions seeking relief from the district court’s entry of summary judgment against him. Appellant had moved for relief from the judgment pursuant to Federal Rule of Civil Procedure 60(b), or, in the alternative, to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). The district court construed Appellant’s motion as one solely seeking relief pursuant to Rule 59(e), rather than one also seeking relief under Rule 60(b), and determined that altering or amending the judgment was not necessary to prevent manifest injustice in this case. Appellant argues that the district court erred in its analysis by failing to consider his motion pursuant to Rule 60(b), and that it erred in denying the motion pursuant to Rule 59(e). For the reasons that follow, we affirm.
I.
On August 29, 2007, Appellant filed a two-count civil action against his former employer, Wix Filtration Corporation LLC, and related corporate entities, Dana-Spicer, Inc. d/b/a Wix Filtration Products Division, and Affinia Group, Inc. d/b/a Wix Filtration Products Division (collectively, “Appellees”), in the North Carolina Superior Court, alleging wrongful termination in violation of North Carolina public policy, and retaliation in violation of the Fair Labor Standards Act, 29 U.S.C. § 215(a)(3). On October 1, 2007, Appellees removed the case to the Western District of North Carolina.
Shortly thereafter, on December 18, 2007, a magistrate judge, acting pursuant to Federal Rule of Civil Procedure 16 and the Local Rules of the Western District of *406 North Carolina, issued a pretrial order and case management plan. In that order, the magistrate judge set August 8, 2008, as the deadline to file all dispositive motions. Appellant acknowledges receiving that order. In compliance with the order, on August 8, 2008, Appellees filed a motion for summary judgment. Appellant, however, never filed a response, and on December 3, 2008, after reviewing the entire record in this case, the district court granted Appellees’ motion.
On December 12, 2008, Appellant filed a motion for relief from the judgment pursuant to Federal Rule of Civil Procedure 60, or in the alternative, to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59, asserting the same two grounds for each rule. First, Appellant claimed that although his counsel utilizes the court’s Case Management/Electronic Case Filing (“CM/ECF”) system, which generates a Notice of Electronic Filing (“NEF”) whenever a document is filed,[1] his counsel never received electronic notice of Appellees’ motion for summary judgment because counsel’s computer system experienced several problems during the summer months of 2008 that caused him not to receive various e-mails.[2] Appellant explained that his counsel’s computer was afflicted by a malware virus and that his counsel’s firm’s domain name had temporarily expired when the motion for summary judgment was filed.[3] In light of these computer problems, Appellant urged the district court to relieve him from the judgment, or in the alternative, to alter or amend the judgment.[4] Second, Appellant claimed that there are genuine issues of material fact which should preclude the granting of summary judgment, and thus, he argued that the judgment should not stand.
On January 13, 2009, the district court denied Appellant’s motion. The court construed the motion as one seeking relief pursuant to Rule 59(e) exclusively, and *407 gave no consideration to Rule 60(b).[5] After noting that nothing in the CM/ECF system indicated that Appellant failed to receive notice of Appellees’ electronic filing, the court denied the motion on Rule 59(e) grounds, finding that the “computer problems did not relieve Plaintiffs counsel of his obligation to continue to monitor the docket in this case,” J.A. 183, and that “altering or amending the Judgment is not necessary to prevent manifest injustice,” id. at 185. This appeal followed.
II.
On appeal, Appellant challenges the denial of his motion for relief from the judgment pursuant to Rule 60(b), or in the alternative, to alter or amend the judgment pursuant to Rule 59(e). His argument is twofold. First, he asserts that the district court erred in denying the motion pursuant to Rule 59(e). Second, he argues that the district court erred in failing to analyze his motion under Rule 60(b). We address each contention below.
A.
We first consider whether the district court erred in denying Appellant’s motion pursuant to Rule 59(e). This court reviews the denial of a Rule 59(e) motion under the deferential abuse of discretion standard. Ingle ex rel. Estate of Ingle v. Yelton, 439 F.3d 191, 197 (4th Cir.2006). Rule 59(e) provides that a court may alter or amend the judgment if the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice.[6] Id. Appellant only argues that there has been a manifest injustice, and thus, we need not consider the other two prongs of this rule.
Appellant argues that his counsel’s computer problems pre vented him from presenting his meritorious opposition to the Appellees’ motion, thereby creating a manifest injustice. He insists that without this response, the district court was left without the kind of accurate and full record necessary for adjudication of his claim, and that it would be a manifest injustice to allow “ ‘a ruling based on an erroneous and inadequate record to stand.’ ” Appellant’s Br. at 18 (quoting EEOC v. Lockheed Martin Corp., Aero & Naval Sys., 116 F.3d 110, 112 (4th Cir.1997)). He thus contends that the district court abused its discretion in denying his motion. We disagree.
*408 We can hardly say that the district court abused its discretion in declining to vacate its judgment to prevent “manifest injustice” given that Appellant’s failure to receive notice of the motion resulted from his counsel’s conscious choice not to take any action with respect to his computer troubles. As the district court found, because a pretrial order was entered on December 18, 2007, establishing August 8, 2008, as the deadline for filing dispositive motions, Appellant’s counsel knew full well that the deadline for dispositive motions was pending. See J.A. 184. Also, “Plaintiffs counsel ... knew ... that he and other members of his firm were experiencing problems receiving ... emails,” J.A. 184, and that, pursuant to the local rules of practice and procedure, any notice of docket activity would arrive through e-mail, see W.D.N.C. R. 5.2.1(B) (requiring that “[a]ll documents submitted for filing ... be filed electronically unless expressly exempted from electronic filing either by the Administrative Procedures or by the assigned judge”). Finally, neither the district court nor Appellees had reason to know about Appellant’s counsel’s computer troubles. See J.A. 179-80 (“There is nothing in the ECF system to indicate that the transmission of the [] NEF’s to the Plaintiffs counsel was not successful.”). Despite all of this, Appellant’s counsel deliberately chose not to contact anyone. See J.A. 184.
Only Appellant’s counsel was in a position to protect Appellant from precisely what occurred here; neither the district court nor Appellees had reason to know that Appellant had not received notice of the motion, especially since nothing in the CM7ECF system indicated that Appellant failed to receive the filing. See W.D.N.C. R. 5.3(A) (recognizing that “[ijssuance of the ... NEF ... constitutes proof of service of the filed document upon all registered users”); see also J.A. 179, 185 (noting that “[a] NEF generated by the Court’s ECF system indicates that notice of each of these documents was electronically mailed to Plaintiffs counsel on August 8, 2008,” and finding that there is a “lack of any evidence of an error in the docketing of the Defendants’ Motion in the Court’s ECF system”). Knowing that dis-positive motions were due on August 8, 2008, Appellant’s counsel had good reason, after realizing he was experiencing computer problems, to check the court’s docket after such date or contact the court and opposing counsel to notify them of his computer troubles. Had Appellant’s counsel done either of these two things, he would have discovered the motion for summary judgment before judgment was entered.[7] See Fox v. Am. Airlines, 389 F.3d *409 1291, 1296 (D.C.Cir.2004) (affirming the district court’s decision not to grant a Rule 59(e) motion since “the dismissal of the [ ] suit might have been avoided through the exercise of due diligence”); see also J.A. 184-85 (“Had counsel done either of these things at any point in the nearly four months between the time that the Motion for Summary Judgment was filed and the Court entered its Order, counsel would have learned that a dispositive motion had been filed, and he could have taken steps to respond to the motion in a proper fashion.”). Instead, Appellant’s counsel strategically chose not to call opposing counsel after the deadline for filing dispositive motions had passed because he did not want to alert them to the court’s deadline. More amazingly, he chose not to check with the district court either. In other words, Appellant’s counsel made the affirmative decision to remain in the dark.
This strategic decision, along with Appellant’s counsel’s inaction, supports the district court’s implicit conclusion that Appellant’s counsel opted to engage in willful blindness. See J.A. 184-85. The consequences stemming from this choice, however, cannot be classified as manifestly unjust towards Appellant.[8] As both the Supreme Court and our circuit have consistently recognized, a party voluntarily chooses his attorney as his representative in the action, and, thus, he cannot later “avoid the consequences of the acts or omissions of this freely selected agent.” Link v. Wabash R.R. Co., 370 U.S. 626, 633-34, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (finding that the district court did not abuse its discretion in dismissing a case, where the petitioner’s counsel failed to appear at a duly scheduled pretrial conference and had been deliberately proceeding in dilatory fashion); Universal Film Exchs., Inc. v. Lust, 479 F.2d 573, 577 (4th Cir.1973); see also Gayle v. United Parcel Serv., Inc., 401 F.3d 222, 226-27 (4th Cir.2005) (finding “that attorney negligence — including allowing a client’s case to fall through the cracks — is [not] ... an ‘extraordinary circumstance’ ” justifying equitable tolling”). Rather, “a civil plaintiff may be deprived of his claim if he failed to see to it that his lawyer acted with dispatch in the prosecution of his lawsuit.” Link, 370 U.S. at 634 n. 10, 82 S.Ct. 1386.
Accordingly, because Appellant’s counsel was willfully blind to whether the opposing side had filed a dispositive motion, see J.A. 184-85, we cannot say that the district court abused its discretion in *410 declining to vacate its judgment to prevent “manifest injustice.”[9] Importantly, in do *411 ing so we do not, as our good colleague in dissent suggests, sponsor and apply a general duty to monitor dockets. Rather, we conclude that counsel cannot make the calculated choice to take no action with respect to his electronic inaccessibility — by neither informing the court or the parties, nor by simply ascertaining from the court as to whether dispositive motions were filed when due — and then avail himself of discretionary relief from the consequences of that choice.
B.
We next consider whether it was error for the district court to construe Appellant’s motion as one seeking relief pursuant to Rule 59(e) exclusively, rather than one also seeking relief under Rule 60(b).[10] The Federal Rules of Civil Procedure allow a litigant subject to an adverse judgment to file either a motion to alter or amend the judgment pursuant to Rule 59(e) or a motion seeking relief from the judgment pursuant to Rule 60(b). Although the two rules appear similar, they are in fact quite distinct. A Rule 59(e) motion is discretionary. It need not be granted unless the district court finds that there has been an intervening change of controlling law, that new evidence has become available, or that there is a need to correct a clear error or prevent manifest injustice. Ingle, 439 F.3d at 197. By contrast, Rule 60(b) provides that a court may relieve a party from an adverse judgment if the party shows either:
(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.
Fed.R.CivJP. 60(b).
Appellant argues that because his motion invokes both Rule 59(e) and Rule 60(b), the district court erred by considering only Rule 59(e) and ignoring Rule *412 60(b).[11] We have squarely held, however, that a motion filed under both Rule 59(e) and Rule 60(b) should be analyzed only under Rule 59(e) if it was filed no later than 10 days after entry of the adverse judgment and seeks to correct that judgment. Small v. Hunt, 98 F.3d 789, 797 (4th Cir.1996); see also Vaughan v. Murray, No. 95-6081, 1995 WL 649864, at *3 n. 3 (4th Cir. Nov.6, 1995). Appellant’s motion was filed 9 days after entry of judgment and indeed sought to correct that judgment. Therefore, we find no error in the district court’s decision.
Regardless, we do not believe that analyzing the motion under Rule 60(b) would have helped Appellant. In order to obtain relief under Rule 60(b), the moving party must demonstrate at least one of the six grounds for relief listed in Rule 60(b).[12] Werner v. Carbo, 731 F.2d 204, 207 (4th Cir.1984). Here, Appellant sought relief from the judgment under Rule 60(b)(1) for “mistake, inadvertence, surprise, or excusable neglect.” Fed.R.Civ.P. 60(b)(1). He argued that the e-mail difficulties experienced by his counsel between July 2008 and September 2008 excused his counsel’s *413 failure to respond to the motion for summary judgment. We find this argument unpersuasive.
A party that fails to act with diligence will be unable to establish that his conduct constituted excusable neglect pursuant to Rule 60(b)(1). State Street Bank and Trust Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158, 177 (2d Cir.2004) (citing 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2858, at 288-89 (2d ed.1995)); see also In re A. H. Robins Co., Inc., No. 98-1893, 1998 WL 904717, at *2 (4th Cir. Dec.29,1998) (finding that party’s failure to inform the court of her new address did not constitute excusable neglect for purposes of Rule 60(b)). This court has held that “a lawyer’s ignorance or carelessness do not present cognizable grounds for relief under [Rule] 60(b).” Evans v. United Life & Accident Ins. Co., 871 F.2d 466, 472 (4th Cir.1989).
In this case, Appellant’s counsel was aware that he was experiencing e-mail difficulties during the summer months and that the dispositive motions’ deadline was fast approaching. As such, to keep his client reasonably informed as to the status of the litigation, he should have regularly accessed the court’s docket to monitor case activity, notified the court and opposing counsel of his computer problems, or found another way to stay informed regarding any developments in the case — particularly since the local rules required electronic filing. See, e.g., Gibson-Michaels v. Bair, 255 F.R.D. 306, 307 (D.D.Cir.2009) (finding that failure to receive notice of filing did not absolve counsel of his “affirmative duty to stay apprised of the status of the case”); Soliman v. Johanns, 412 F.3d 920, 922 (8th Cir.2005) (finding that “a litigant who invokes the processes of the federal courts is responsible for maintaining communication with the court during the pendency of his lawsuit”); Easley v. Kirmsee, 382 F.3d 693, 698 (7th Cir.2004) (noting that “attorney inattentiveness to litigation is not excusable, no matter what the resulting consequences the attorney’s somnolent behavior may have on a litigant”); Edward H. Bohlin Co., Inc. v. Banning Co., Inc., 6 F.3d 350, 357 (5th Cir.1993) (finding that “[a] party has a duty of diligence to inquire about the status of a case”). Appellant’s counsel, however, never accessed the court’s docket after August 8, 2008, nor did he contact opposing counsel or the court to notify them of his computer problems, even though only he was in a position to protect Appellant from precisely what occurred here. Thus, the cause for the entry of judgment was Appellant’s counsel’s carelessness, not his alleged e-mail difficulties, and as noted above, attorney inattentiveness toward the pending litigation is not excusable under Rule 60(b). We therefore find that Appellant would not have received relief under Rule 60(b) because his counsel’s calculated decision — to inform no one of computer malfunctions of which only he was aware, and to deliberately refrain from any attempt to ascertain whether summary judgment motions were filed on the date he knew they were due — in light of local rules requiring electronic filing, cannot be characterized as “excusable neglect.” See, e.g., Zimmer St. Louis, Inc. v. Zimmer Co., 32 F.3d 357, 361 (8th Cir.1994) (concluding in the Rule 60(b) context that failure to receive notice of final judgment did not warrant relief, absent evidence that the official docket failed to reflect entry of final judgment).
III.
For the reasons set forth above, the district court’s order denying Appellant’s motion for relief from the judgment, or in *414 the alternative, to alter or amend the judgment is

AFFIRMED.

. CM/ECF is a comprehensive case management system that allows courts to maintain electronic case files and offer electronic filing over the Internet. Whenever a document is filed, the CM/ECF system automatically generates a NEF. The NEF is an e-mail message containing a link to the filed document to registered attorneys involved with the case. The link allows e-mail recipients to access the electronically filed document once free of charge. The link expires after fifteen days, after which attorneys can still access the document for a fee. Thus, litigants receive one free copy of documents filed electronically in their cases, which they can save or print for their files. Additional copies are available to attorneys and the general public for viewing or downloading at eight cents per page. See generally Jessica Belskis, Electronic Case Filing: Is Failure to Check Email Related to an Electronically Filed Case Malpractice?, 2 Shidler J.L. Com. & Tech. 13 (2005).

. He also alleged that Appellees had not served the motion for summary judgment by mail or other means "as is the general practice of other attorneys in the Western District of North Carolina.” J.A. 100. We note that the Local Rules for the Western District of North Carolina require "[a]ll documents submitted for filing in this district [to] be filed electronically unless expressly exempted from electronic filing either by the Administrative Procedures or by the assigned judge.” W.D.N.C. R. 5.2.1(B).

. The expired domain name apparently caused Appellant’s attorney and his firm to be temporarily disabled from utilizing the firm's e-mail. Even after the e-mail domain name was re-registered, the e-mail accounts associated with the domain name were "blacklisted” causing further e-mail problems.

. At oral argument, Appellant’s counsel explained that he made the affirmative decision not to contact opposing counsel after the deadline for filing dispositive motions had passed because he did not want to remind them of the deadline for filing dispositive motions.

. In that order, the district court made the following findings: (1) "Plaintiff’s counsel knew by virtue of the entry of the Pretrial Order and Case Management Plan on December 18, 2007 that there was a motions dead line of August 8, 2008 in this case”; (2) "Plaintiff's counsel reasonably should have anticipated some type of dispositive motion might be filed as of that date”; (3) "Plaintiff’s counsel also knew at the time of the motions deadline that he and other members of his firm were experiencing problems receiving ... emails" (4); “Plaintiff’s counsel apparently failed to check the Court’s docket to see if any activity occurred during this time period for which he had not received email notification”; (5) "Plaintiff’s counsel also apparently failed to check with opposing counsel to see if any filings had been made during this time”; (6) had counsel checked the docket or contacted opposing counsel or the court, “counsel would have learned that a dispositive motion had been filed”; and (7) there was no evidence "of an error in the docketing of the Defendants’ Motion in the Court's ECF system." J.A. 184-85.

. We recognize that on December 1, 2009, the Federal Rules of Civil Procedure were amended. As a general rule, the Supreme Court has advised that amendments to the Federal Rules should not apply retroactively. See Landgraf v. USI Film Prods., 511 U.S. 244, 275 n. 29, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994). We therefore apply the pre-December 1, 2009, version of the Federal Rules.

. We do not, as the dissent suggests, impose upon lawyers a duty to monitor court dockets. Instead, as the concurring opinion recognizes, we merely acknowledge the existence of circumstances in which "lawyers have an obligation to their clients, to the profession, and to the court to pay attention.” Concurring Op. at 414. Computer inaccessibility of which only counsel is aware, in a district requiring electronic filing, and during a time frame in which counsel is aware that dispositive motions are due, is certainly such a circumstance. The Model Rules of Professional Conduct promulgated by the American Bar Association support our view that Appellant’s counsel had an obligation to his client to be attentive toward the litigation. Rule 1.3 provides that "[a] lawyer shall act with reasonable diligence and promptness in representing a client.” Model Rules of Prof’l Conduct R. 1.3. See also N.C. Rules of Prof’l Conduct R. 1.3 & cmt. 3 (adopting the Model Rule and noting that "[p]erhaps no professional shortcoming is more widely resented than procrastination” given that "[a] client’s interests often can be adversely affected by the passage of time or the change of conditions”). Similarly, Rule 1.4(a)(4) requires lawyers to "keep the[ir] client[s] reasonably informed about the status of the[ir] matter[s].” Model Rules of Prof'l Conduct R. 14(a)(4). See also N.C. Rules of Prof’l Conduct R. 1.4 cmt. 3 (adopting the Model Rule and noting that "the law *409 yer [is required to] keep the client reasonably informed about the status of the matter, such as significant developments affecting the timing or the substance of the representation”).

. The dissent argues that the district court abused its discretion in denying Appellant's Rule 59(e) motion particularly since "the summary judgment award was premised on the facts being deemed 'undisputed' solely because Robinson did not respond to the summary judgment motion.” Dissenting Op. at 30. Yet, we have previously held that, in considering a motion for summary judgment, the district court "must review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law.” Custer v. Pan Am. Life Ins. Co., 12 F.3d 410, 416 (4th Cir.1993) (emphasis added). "Although the failure of a party to respond to a summary judgment motion may leave uncontroverted those facts established by the motion,” the district court must still proceed with the facts it has before it and determine whether the moving party is entitled to judgment as a matter of law based on those uncontroverted facts. Id. The district court here did exactly as Custer requires: it carefully considered the record before it, and from that record, it determined that Appellees were entitled to judgment as a matter of law. We cannot fault the district court for acting as our precedent requires.

. The dissent suggests that Appellant, in his opening brief, argued that the district court abused its discretion when it failed to consider in its Rule 59(e) manifest injustice analysis whether Appellant had a meritorious opposition to Appellees' motion for summary judgment. The dissent is simply inaccurate. Section I of the opening brief is entitled, "The Trial Court Abused Its Discretion in Failing to Consider Appellant’s Post-Judgment Motion Pursuant to Rule 60(b) Analysis," and goes on to argue, at length, that Dove v. CODESCO, 569 F.2d 807 (4th Cir.1978), required the district court to consider only Appellant's Rule 59(e) arguments and did not allow the court to "examine Appellant’s Rule 60(b) arguments,” primarily that "Appellant had a meritorious defense.” Appellant’s Br. at 14 (emphasis added). Thus, in that Section, Appellant urges this court to overturn CODES-CO. Nowhere in that Section does Appellant suggest that the district court should have considered Appellant’s meritorious opposition in its Rule 59(e) analysis. On the contrary, Appellant concedes that CODESCO barred the district court from considering his meritorious opposition. See Appellant's Br. at 17 ("The prejudicial effect of the CODESCO rule in this instant case was that it prevented the District Court from considering and making findings of whether ... a meritorious defense existed to justify the vacation of the challenged order.”). Similarly, in Section II, Appellant argues that his counsel’s computer problems prevented him from presenting his meritorious opposition to the Appellees’ motion, thereby creating a manifest injustice, not that the district court should have considered his meritorious opposition in its Rule 59(e) analysis. Finally, in Section III, Appellant contends that the district court should have considered his Rule 60(b) arguments and laments that "the District CourtL] ... [by] applying] a Rule 59(e) analysis,” could not "consider the prerequisite issue of meritorious defense” found in Rule 60(b). Appellant’s Br. at 26. Nowhere in his brief does Appellant propound and legally support the argument that the district court should have considered his meritorious opposition in its Rule 59(e) analysis. See Fed. R.App. P. 28(a)(9)(A) (requiring the argument to contain "appellant’s contentions and the reasons for them, with citations to the authorities ... on which the appellant relies”).
lt was at oral argument that Appellant suggested, for the first time, that the district court abused its discretion when it failed to consider in its Rule 59(e) manifest injustice analysis whether Appellant had a meritorious opposition. It is the practice of this court, however, subject to certain exceptions not applicable here, not to consider contentions that the parties have not raised in the briefs, but instead have made for the first time at oral argument. See Goad v. Celotex Corp., 831 F.2d 508, 512 n. 12 (4th Cir.1987) (declining to consider a point because it was not raised in the briefs); see also United States v. Williams, 2 Fed.Appx. 284, 288-89 (4th Cir.2001) (same). Nevertheless, because the dissent finds this argument dispositive, we address it here.
We do not believe that the district court abused its discretion in failing to consider whether the Appellant had a meritorious opposition. We have previously held that Rule 60(b) requires courts to consider whether the movant has a meritorious defense. Dowell v. State Farm Fire and Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir.1993); Smith v. Bounds, 813 F.2d 1299, 1304 (4th Cir.1987); Compton v. Alton S.S. Co., Inc., 608 F.2d 96, 102 (4th Cir.1979), aff'd en banc, 841 F.2d 77 (4th Cir.1988) (per curiam). This requirement has never before been extended to Rule 59(e) motions. Thus, we would be hard pressed to say that the district court abused its discretion in failing to apply a factor that has not been "judicially recognized.” James v. Jacobson, 6 F.3d 233, 242 (4th Cir.1993).
More importantly, requiring a district court to consider a meritorious opposition in its manifest injustice analysis would invert the Rule 59(e) process. As Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir.2007), provides, before considering new evidence or arguments that were not presented before judgment — or, as in this case, a meritorious opposition — the court must first determine whether the movant’s reasons for not providing such evidence or arguments are justified. Zinkand presupposes as a threshold matter the determination that the reasons for noncompliance are compelling. Id. at 637 ("If the court elects to look at additional evidence represented as having been unavailable at the prior hearing, the court must satisfy itself as to the unavailability of the evidence and likewise examine the justification for its omission.”). Any other interpretation of Zinkand proves illogical. If *411 courts were required to consider a party’s meritorious opposition before granting a Rule 59(e) motion, courts would inevitably consider motions for summary judgment twice: both before and after granting a Rule 59(e) motion. This requirement proves contrary to our longstanding tradition "to secure the just, speedy, and inexpensive determination of every action and proceeding.” Fed.R.Civ.P. 1; see also Celotex Corp. v. Catrett, 477 U.S. 317, 327, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Even under Rule 60(b), before considering whether the party has a meritorious opposition, a court may first determine whether excusable neglect prevented the party from filing in the first instance. See Dowell, 993 F.2d at 48.
Finally, we are concerned that such an approach would discourage compliance with the Federal Rules. There would be no incentive for a party ever to respond to a motion for summary judgment, because if he lost, he would always have a second bite at the apple through a Rule 59(e) motion.

. In his “Motion for Relief from Judgment and to Alter and Amend Judgment,” Appellant only mentioned Rule 60(b) in the opening sentence but never addressed the elements of this rule. J.A. 100. We have previously made it clear that the failure to present an argument to the district court constitutes waiver before this court. United States v. Evans, 404 F.3d 227, 236 n. 5 (4th Cir.2005). Nevertheless, because the district court appears to have understood the Rule 60(b) argument as properly raised, we will entertain it here.

. In reaching this result, the district court relied on CODESCO. 569 F.2d at 809. In CODESCO, we held that "if a post-judgment motion is filed within ten days of the entry of judgment and calls into question the correctness of that judgment it should be treated as a motion under Rule 59(e), however it may be formally styled.” Id. at 809. We developed that approach because, at the time, Rule 59(e) tolled the 30-day appeal period imposed by Federal Rule of Appellate Procedure 4(a) and Rule 60(b) did not. Id. We reasoned that such a rule was necessary to remain "consistent with the functional approach to procedure taken by the draftsmen of the federal rules.” Id.
In 1993, however, Federal Rule of Appellate Procedure 4(a) was amended. It now reads:
If a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:
* * *
(iv) to alter or amend the judgment under Rule 59; [or]
(vi) for relief under Rule 60 if the motion is filed no later than 10 days after the judgment is entered.
Fed. R.App. P. 4(a)(4)(A). The 1993 amendment notes to Rule 4(a) explain that Rule 4(a) was amended to eliminate “the difficulty of determining whether a posttrial motion made within 10 days after entry of a judgment is a Rule 59(e) motion, which tolls the time for filing an appeal, or a Rule 60 motion, which historically has not tolled the time.” Fed. R.App. P. 4(a)(4) Advisory Committee's note (1993 amendments). The notes further explain that the amendment "comports with the practice in several circuits of treating all motions to alter or amend judgments that are made within 10 days after entry of judgment as Rule 59(e) motions for purposes of Rule 4(a)(4).” Id.
Appellant argues that in light of Rule 4(a)’s new language, the district court erred by relying on CODESCO. We disagree. We recognize that under the new language of Rule 4(a), "a motion filed within ten days of the original judgment need not be considered a Rule 59 motion in order to preserve appellate review of the underlying order.” MLC Auto., LLC v. Town of Southern Pines, 532 F.3d 269, 278 (4th Cir.2008). As such, the rule established by CODESCO is no longer necessary. Yet, as we held in MLC Automotive, because this court has continued to cite and apply CODESCO following the amendment to Federal Rule of Appellate Procedure 4, see, e.g., Va. Dep’t of State Police v. Wash. Post, 386 F.3d 567, 573 n. 2 (4th Cir.2004), CODESCO remains binding precedent, MLC Auto., 532 F.3d at 278.

. In addition, the moving party must make a threshold showing that (1) its motion was timely made; (2) it had a meritorious defense; (3) no unfair prejudice to the opposing party would result; and (4) exceptional circumstances warranted relief from the judgment. Dowell, 993 F.2d at 48. We need not address whether the movant satisfied the four threshold requirements, however, if we find that the movant has not sufficiently satisfied one of the Rule 60(b) grounds for relief. Id.