**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-7756**

AARON FRENCH,

                    Plaintiff - Appellant,

          v.

WARDEN; JOHN ROWLEY; J. LOIBEL; DAN WATSON, Lieutenant;
WARNER, Lieutenant; WHETSTONE, Officer; SPIKER, Officer;
RYAN, Officer,

                    Defendants - Appellees.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  Catherine C. Blake, District Judge.
(1:08-cv-02299-CCB)

Submitted: August 3, 2011          Decided: August 12, 2011

Before WILKINSON, KING, and WYNN, Circuit Judges.

Affirmed as modified by unpublished per curiam opinion.

Aaron French, Appellant Pro Se.  Nichole Cherie Gatewood, OFFICE
OF THE ATTORNEY GENERAL OF MARYLAND, Baltimore, Maryland, for
Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Aaron Little French, a Maryland state prisoner, brought a civil complaint under 42 U.S.C. § 1983 (2006) against prison staff. The district court dismissed the action, finding that French failed to exhaust his administrative remedies. French appeals the district court's orders granting summary judgment and denying his motion for reconsideration. We have reviewed the record and find no reversible error.

A prisoner must properly exhaust available administrative remedies prior to filing a § 1983 action concerning prison conditions. 42 U.S.C. § 1997e(a) (2006); Woodford v. Ngo, 548 U.S. 81, 90 (2006) (explaining that exhaustion requires using every step available and complying with relevant procedural requirements). French contended in the district court that he could not complete the administrative review process because prison staff did not respond to his grievances. Maryland Division of Correction Directive 185-002 ("DCD 185-002") provides, however, that a prisoner should treat a failure to respond within thirty days as a denial and file an appeal to the next level. Assuming, as French contended, that he received no response to his grievances, under DCD 185-002, and based on the dates of his initial grievance and the filing of the complaint in this action, he could not have completed the grievance process before he filed suit in the district court.

2

Thus, the district court properly concluded that French failed to exhaust his administrative remedies.

Accordingly, we affirm the district court's order granting summary judgment but modify the dismissal to be without prejudice to French's right to refile once exhaustion is complete. We also conclude that the district court did not abuse its discretion by denying French's motion for reconsideration. See Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 407 (4th Cir. 2010) (providing standard for review of Fed. R. Civ. P. 59(e) motion). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED AS MODIFIED