**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 11-1080

GREGORY BADER,

              Plaintiff - Appellee,

        v.

CREIGHTON WOLFE SOSSOMON,

              Defendant – Appellant.

Appeal from the United States District Court for the Western
District of North Carolina, at Bryson City.   Martin K.
Reidinger, District Judge. (2:09-cv-00049-MR-DLH)

Submitted: September 29, 2011      Decided: October 4, 2011

Before KING, GREGORY, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Creighton W. Sossomon, Highland, North Carolina, for Appellant.
Mark C. Kurdys, ROBERTS & STEVENS, P.A., Asheville, North
Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Creighton Wolfe Sossomon appeals the district court's order granting enforcement of a settlement agreement between Sossomon and Gregory Bader and its order denying his motion to amend the court's judgment enforcing that agreement. On appeal, Sossomon argues that the district court erred in enforcing the agreement because its terms were not sufficiently clear, full payment was not yet due, and the court failed to conduct a plenary hearing. Finding no reversible error, we affirm.

"We review [a] district court's findings of fact for clear error and its decision whether to enforce a settlement agreement for abuse of discretion." Hensley v. Alcon Laboratories, Inc., 277 F.3d 535, 541 (4th Cir. 2002). We review the denial of a Fed. R. Civ. P. 59(e) motion as well for abuse of discretion, Robinson v. Wix Filtration Corp., LLC, 599 F.3d 403, 407 (4th Cir. 2010). "[T]o exercise its inherent power to enforce a settlement agreement, a district court (1) must find that the parties reached a complete agreement and (2) must be able to determine its terms and conditions." Id. at 540-41. We conclude that the district court did not abuse its discretion in finding that the parties reached a complete agreement with clear and unambiguous terms and conditions and in ordering full payment in compliance with that agreement. Further, we find Sossomon's contention that he did not receive a

2

plenary hearing without merit, as the district court did, in fact, schedule two hearings, one of which Sossomon failed to attend.

Accordingly, we affirm the district court's orders. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED