**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-6830**

PAUL LUXAMA,

Plaintiff - Appellant,

v.

JOHN MCHUGH, Secretary of the U.S. Army; DAVID D. VELLENFE,
JAG Counsel at Discharge proceedings; READ G. HARRIS, Major,
Assistant Adjutant of the UCMJ; B. BELL, Major, special
court-martial convening authority; EDWARD J. YANGER,
President of the Army Review Agency; GERARD G. SCHWARZ,
Acting Director of the Army Review Board Agency,

Defendants - Appellees.

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria. Claude M. Hilton, Senior
District Judge. (1:15-cv-01586-CMH-JFA)

Submitted: December 29, 2016          Decided: January 17, 2017

Before KING, AGEE, and THACKER, Circuit Judges.

Reversed in part, vacated in part, and remanded by unpublished
per curiam opinion.

Paul Luxama, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Paul Luxama appeals the district court's order denying his motion to reopen his case. We reverse the district court's order denying the motion to reopen, vacate the district court's order dismissing Luxama's complaint, and remand for further proceedings.

Luxama filed a complaint in November 2015 in the Alexandria Division of the Eastern District of Virginia ("first action"). The court received letters from Luxama on December 28, 2015, and February 2, 2016, requesting an update on the status of his case. The district court did not respond until March 4, 2016, when it entered an order directing Luxama to file forms pertaining to his inmate trust account. Having received no update on the status of his case, and having not yet received the district court's order, Luxama mailed an identical copy of the complaint to the Richmond Division of the Eastern District of Virginia on March 17 ("second action"). The Richmond Division forwarded the complaint to the Alexandria Division. The Alexandria Division received the second complaint on March 30 and proceeded to open the second action. After he received the district court's March 4 order, Luxama mailed two documents on March 21. On March 25, the Alexandria Division received Luxama's consent form authorizing collection of filing fees from his inmate trust account. Luxama also mailed a "Voluntary

2

Dismissal of Luxama v. McHugh, etc." to the Richmond Division, explaining that the court could dismiss his complaint because he had previously filed an action in another court and that he had filed a second complaint because he was unaware if the Alexandria Division had received his first complaint. The Richmond Division again forwarded this document to the Alexandria Division. The Alexandria Division docketed the notice in Luxama's first action on the same day it received Luxama's complaint in the second action. The district court construed Luxama's notice as a motion to voluntarily dismiss and dismissed Luxama's first action without prejudice on April 7.

Luxama filed the instant motion on April 13, again explaining why he had sent a second complaint and that he had intended to dismiss the second action. The district court denied the motion because Luxama's second action remained pending and he was not entitled to have two separate actions involving the same matter pending at the same time. On June 28, the court dismissed the second action without prejudice under Fed. R. Civ. P. 41(a).

Because Luxama filed his motion to reopen his case within 28 days of the district court's order, Luxama's motion is properly considered under Fed. R. Civ. P. 59(e). See Robinson v. Wix Filtration Corp., 599 F.3d 403, 412 (4th Cir. 2010). We review a district court's order denying a Rule 59(e) motion for

3

abuse of discretion.  Wilkins v. Montgomery, 751 F.3d 214, 220 (4th Cir. 2014).  "A Rule 59(e) motion may only be granted in three situations:  (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice."  Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 378 (4th Cir. 2012) (internal quotation marks omitted).

We conclude that—although understandable given the flurry of papers crossing in the mail—the district court abused its discretion in denying Luxama's motion.  See GO Computer, Inc. v. Microsoft Corp., 508 F.3d 170, 177 (4th Cir. 2007).  Having received no responses to his requests asking for a status update in the first action, Luxama mailed a second copy of his complaint to a different division of the district court.  Once he realized that the Alexandria Division had received his first complaint, he then took action to remedy any confusion he caused when he mailed a second copy of his complaint to the Richmond Division.  Moreover, because Luxama's notice of voluntary dismissal was sent to the Richmond Division, and Luxama mailed his consent form to the Alexandria Division, his intent was clear to have the second action dismissed while proceeding with the first action.  In light of the unique circumstances of this

4

case, the district court should have granted the Rule 59 motion and reopened the first action.

Accordingly, we reverse the district court's order denying Luxama's motion to reopen, vacate the district court's order dismissing his complaint, and remand for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

REVERSED IN PART,
VACATED IN PART, and REMANDED