**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 17-7383

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GREGORY JASON COLLEY, a/k/a Jason Gregory Colley,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Leonie M. Brinkema, District Judge. (1:15-cr-00203-LMB-1; 1:16-cv-01297-LMB)

Submitted: March 6, 2018                    Decided: March 13, 2018

Before NIEMEYER, TRAXLER, and KING, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Gregory Jason Colley, Appellant Pro Se. Tobias Douglas Tobler, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gregory Jason Colley seeks to appeal the district court's orders dismissing his 28 U.S.C. § 2255 (2012) motion, denying his motions to amend his § 2255 motion, and denying his Fed. R. Civ. P. 59(e) motion.[1] The orders are not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85.

---

[1] The district court's order dismissing Colley's § 2255 motion was filed on March 24, 2017, but the district court clerk entered the order on the docket on March 27, 2017. *See* Fed. R. Civ. P. 59(c)(2) (stating that judgment is considered entered when judgment is entered on docket). Colley filed his motion for reconsideration on April 24, 2017, within 28 days of the entry of judgment. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). Consequently, Colley's motion should have been construed as a Rule 59(e) motion rather than a Fed. R. Civ. P. 60(b) motion. *See Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 412 (4th Cir. 2010).

We have independently reviewed the record and conclude that Colley has not made the requisite showing.[2] Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED

---

[2] Although Colley's notice of appeal designates the district court's orders denying his second motion to amend and his Rule 59(e) motion, his informal brief does not contain any argument related to those orders. Consequently, Colley has forfeited appellate review of those orders. *See* 4th Cir. R. 34(b); *Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014).