**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 23-2190**

_____

PATRICIA ANN THOMAS,

        Plaintiff - Appellant,

      v.

SOUTH CAROLINA DEPARTMENT OF MENTAL HEALTH,

        Defendant - Appellee.

_____

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Mary G. Lewis, District Judge.  (3:20-cv-01333-MGL)

_____

Submitted:  July 22, 2024                Decided:  September 26, 2024

_____

Before NIEMEYER and THACKER, Circuit Judges, and KEENAN, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Patricia Ann Thomas, Appellant Pro Se.  Christopher Wofford Johnson, Fred Adam Williams, BETTIS LAW GROUP, LLP, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Patricia Ann Thomas appeals from the district court's order denying her motion for reconsideration filed under Fed. R. Civ. P. 59(e), 60(b), and 60(d)(3). Thomas sought reconsideration of the denial of an earlier Rule 60(b) motion for reconsideration of the grant of summary judgment in her employment discrimination suit.[1] The district court found the second motion for reconsideration to be untimely filed in part and without merit. Although we determine that the motion was timely filed, we find that any error was harmless. Accordingly, we affirm.

A post-judgment motion challenging the correctness of a district court's judgment is construed based on when the motion was filed. If the motion is filed within the timeline in Rule 59(e), then the motion is construed as a Rule 59(e) motion, regardless of label. *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 412 (4th Cir. 2010) (observing that "a motion filed under both Rule 59(e) and Rule 60(b) should be analyzed only under Rule 59(e) if it was filed [within the time required by Rule 59(e)] and seeks to correct that judgment"). A Rule 59(e) motion must be filed within 28 days from "the entry of the judgment." Fed. R. Civ. P. 59(e). Thus, Thomas's motion, filed on June 21, 2023, was timely as to the June 6, 2023, order denying her first motion for reconsideration.

We review a district court's denial of a Rule 59(e) motion for an abuse of discretion. *Robinson,* 599 F.3d at 407. "Rule 59(e) provides that a court may alter or amend the

---

[1] The district court found that Thomas's motion sought reconsideration of the underlying grant of summary judgment. On appeal, Thomas contends, and we agree, that her motion sought reconsideration of the denial of a motion for reconsideration.

judgment if the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice." *Id.* Thomas did not raise allegations of an intervening change in law or new evidence discovered since June 6. While she claimed that the district court's denial of her motion for reconsideration was erroneous, she admittedly relied on new, broader arguments not made previously. Thus, her motion provided no basis for relief. *See Pacific Ins. Co. v. American Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (noting that Rule 59(e) motions may not be used to raise arguments which could have been raised earlier nor may they be used to argue a novel legal theory that the party had the ability to address in the first instance).

Accordingly, we affirm.[2] We deny Thomas's motion to strike. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[2] Thomas makes allegations of fraud on the court under Rule 60(d)(3). However, her claims are directed towards the district court's decision granting summary judgment, which is not properly before us. Thomas has not made allegations of fraud during the litigation of her first motion for reconsideration. In any event, Thomas's assertions are unsupported by the record or any new evidence and fall far short of the required showing for Rule 60(d)(3) relief.

3