**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 23-7125**

_____

RICARDO EDWIN LANIER,

               Plaintiff - Appellant,

     v.

JUSTIN BURNS; ZANE CAPPS,

               Defendants - Appellees.

_____

**No. 23-7188**

_____

RICARDO EDWIN LANIER,

               Plaintiff - Appellant,

     v.

JUSTIN BURNS; ZANE CAPPS,

               Defendants - Appellees.

_____

Appeals from the United States District Court for the Western District of North Carolina, at Asheville.  Martin K. Reidinger, Chief District Judge.  (1:22-cv-00078-MR)

_____

Submitted:  November 14, 2024               Decided:  December 13, 2024

Before THACKER and HARRIS, Circuit Judges, and KEENAN, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Ricardo Edwin Lanier, Appellant Pro Se.  Sean Francis Perrin, WOMBLE BOND DICKINSON (US) LLP, Charlotte, North Carolina, for Appellees.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated cases, Ricardo Edwin Lanier appeals various orders entered in his 42 U.S.C. § 1983 action. We have reviewed the record and find no reversible error. Accordingly, we affirm the district court's orders.

Specifically, as to Appeal No. 23-7125, we discern no error in the court's threshold order, issued on 28 U.S.C. § 1915A review, dismissing as legally insufficient Lanier's claims for false arrest and unlawful entry of his home. As the district court explained with regard to Lanier's false arrest claim, under the jurisdictional principles of abstention established in *Younger v. Harris*, 401 U.S. 37 (1971), federal courts should refrain from exercising otherwise-valid jurisdiction "if there is (1) an ongoing state judicial proceeding, instituted prior to any substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides an adequate opportunity for the plaintiff to raise the federal constitutional claim advanced in the federal lawsuit," *Nivens v. Gilchrist*, 319 F.3d 151, 153 (4th Cir. 2003). Here, Lanier's underlying state charges were still pending at the time of this action. The unlawful entry claim was legally insufficient by virtue of Lanier's own recognition that the Defendant Officers heard a ruckus inside the home, to which Defendants responded after Lanier's wife called 911 because of a domestic disturbance. *See Georgia v. Randolph*, 547 U.S. 103, 118 (2006) (recognizing that the police have the authority "to enter a dwelling to protect a resident from domestic violence; so long as they have good reason to believe such a threat exists, it would be silly to suggest that the police would commit a tort by entering . . . to determine

3

whether violence (or threat of violence) has just occurred or is about to (or soon will) occur").

Next, we have reviewed the summary judgment record materials—including the body camera footage from the night in question—and, upon de novo review, *see Caraway v. City of Pineville*, 111 F.4th 369, 378 (4th Cir. 2024) (providing standard of review), we agree with the district court that the Defendant Officers were entitled to qualified immunity on Lanier's excessive force claim,[*] *cf. Yates v. Terry*, 817 F.3d 877, 886 (4th Cir. 2016) (explaining that an officer may deploy a taser only when he or she "is confronted with an exigency that creates an immediate safety risk and that is reasonably likely to be cured by using the taser," which includes being "an immediate threat to [the arresting officer] or anyone else" (internal quotation marks omitted)).  Finally, as to Appeal No. 23-7188, we hold that the district court did not abuse its discretion in denying Lanier's Fed. R. Civ. P. 59(e) motion to alter or amend the court's prior judgment because the motion did not raise appropriate grounds for such relief.  *See Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 407 (4th Cir. 2010) (explaining that Rule 59(e) relief is proper only "if the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice").

---

[*] The body camera footage clearly establishes that:  the Defendant Officers were on the scene in response to Lanier's wife's 911 call in which she reported a physical disturbance with Lanier, who was reportedly intoxicated; Lanier was loud, argumentative, and combative with Defendants and his wife; Lanier was uncooperative with the officer's efforts to put him in handcuffs after the disturbance escalated; and Defendants were familiar with Lanier and his wife because they were called to the marital home with some regularity.

4

Accordingly, we affirm the appealed-from orders.  *Lanier v. Burns*, No. 1:22-cv-00078-MR (W.D.N.C. May 27, 2022; Sept. 29, 2023; Nov. 6, 2023).  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*