**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4684

UNITED STATES OF AMERICA,

　　　　Plaintiff – Appellee,

v.

JASON SHORTRIDGE,

　　　　Defendant – Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley.  Frank W. Volk, Chief District Judge.

Submitted:  February 27, 2025                Decided:  April 28, 2025

Before GREGORY and HARRIS, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Wesley P. Page, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, David R. Bungard, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant.  William S. Thompson, United States Attorney, Francesca C. Rollo, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jason Shortridge was convicted in a jury trial of possessing child pornography and of attempting to distribute child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2), (b)(1), (a)(5)(B), and (b)(2).[1]  The district court calculated Shortridge's sentencing guidelines range as 210 to 262 months in prison.  After a sentencing hearing, the court varied downward and imposed a sentence of 168 months in prison and fifteen years of supervised release.

On appeal, Shortridge makes three arguments.  Shortridge first challenges the district court's decision to admit into evidence the testimony of a certain government expert witness.  Shortridge contends that the government failed to timely disclose that expert's testimony in violation of Federal Rule of Criminal Procedure 16 (Rule 16), and that, as a result, the testimony should have been excluded.  Shortridge next challenges the sufficiency of the evidence to support his convictions.  Finally, Shortridge contends that his sentence is both procedurally and substantively unreasonable.  For the reasons that follow, we affirm Shortridge's convictions and sentence.

I.

A.

We first consider Shortridge's argument regarding Rule 16 and the admission of expert testimony in a criminal case.  Rule 16(a) sets forth the government's duty to disclose information to a criminal defendant.  Subsection (a)(1)(G) of that Rule states: "At the

---

[1] The jury acquitted Shortridge of two counts of distribution of child pornography.

2

defendant's request, the government must give to the defendant a written summary of any [expert witness] testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial." Fed. R. Crim. P. 16(a)(1)(G). Rule 16 does not provide a specified time period for expert witness disclosures. But the advisory notes for Rule 16 suggest that parties should make their disclosures "in a timely fashion."[2] Fed. R. Crim. P. 16 advisory committee note to 1993 Amendment.

Here, the record shows that about one month before trial, Shortridge filed a motion asking the government to disclose specific metadata concerning computer files that would be submitted as evidence at trial. The district court held a hearing on that motion and ordered the government to provide Shortridge with the requested disclosures by March 29, 2022.

On March 28, 2022, the government met with its forensic expert witness regarding the requested disclosures. After that meeting raised questions about locating the metadata for certain files, the government's forensic expert contacted another colleague (the second forensic expert), who identified the metadata for the files in question. That expert also

---

[2] Rule 16 was amended after Shortridge's trial. That amendment, among other things, "provide[d] that the court, by order or local rule, must set a time for the government to make its disclosures of expert testimony to the defendant, and for the defense to make its disclosures of expert testimony to the government." *Id.* advisory committee note to 2022 Amendment. However, because that amendment was not in effect during the trial, we apply the former version of Rule 16 as set forth above. *See Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 407 n.6 (4th Cir. 2010) ("As a general rule, the Supreme Court has advised that amendments to the Federal Rules should not apply retroactively." (citing *Landgraf v. USI Film Prods.*, 511 U.S. 244, 275 n.29 (1994))).

uncovered certain other information, including that Shortridge had installed on his computer software "designed to permanently delete, cover, or hide traces of activity such as . . . having illicit material" (anti-forensic software).

On March 29, 2022, the government met with Shortridge to disclose the information ordered by the district court and, the next day, gave Shortridge the additional information discovered by the second forensic expert. On March 31, 2022, the government filed a formal notice with the district court disclosing the expected testimony of the second forensic expert. That same day, the government moved to continue the trial date based on another matter not at issue here.

Shortridge asked the district court to strike as untimely and prejudicial the expected testimony of the second forensic expert. After conducting a telephone conference with the parties, the district court denied Shortridge's motion to strike and continued the trial for two months.

On appeal, Shortridge contends that the government's failure to timely disclose the testimony of the second forensic expert violated Rule 16 and should have resulted in the exclusion of that evidence from trial. Shortridge also asserts that the government's Rule 16 violation prejudiced his ability to defend himself. We disagree with Shortridge's arguments.

The decision whether a disclosure is timely is a matter submitted to the district court's discretion. *United States v. Holmes*, 670 F.3d 586, 599 (4th Cir. 2012). The purpose of Rule 16 is to "minimize surprise" that may result from unexpected expert testimony and to provide the defendant with a fair opportunity to prepare for cross-

4

examination. *United States v. Garcia-Lagunas*, 835 F.3d 479, 494 (4th Cir. 2016) (citation omitted). A district court is not required to issue a sanction for non-compliance with Rule 16, but, when it does, a continuance is the "preferred sanction." *United States v. Sterling*, 724 F.3d 482, 512 (4th Cir. 2013) (citations omitted). A defendant claiming that the district court abused its discretion under Rule 16(a)(1)(G) bears the burden of showing both a violation of that Rule and "prejudice resulting from the district court's decision to admit the contested testimony." *United States v. Smith*, 701 F.3d 1002, 1008 (4th Cir. 2012) (citation omitted).

In the present case, it is clear that the government's disclosure of the expected testimony of the second forensic expert witness occurred after the deadline for expert witness disclosures set by the district court. Nevertheless, we do not find a basis for concluding that the district court abused its discretion in granting a continuance instead of striking that witness' testimony. Shortridge does not contend that he was unable to prepare to cross-examine the witness during the two-month continuance granted by the district court. Moreover, although the testimony of the second forensic expert about the presence of anti-forensic software bolstered the government's case, we conclude that there otherwise was sufficient evidence to support the jury's verdict. For these reasons, Shortridge has not made the required showing of prejudice. *Garcia-Lagunas*, 835 F.3d at 494 (explaining that, to be prejudicial, a Rule 16 violation must "have so changed the defense's ability to cross-examine [a witness] that the trial would have come out differently" (citation omitted)). Thus, we hold that the district court did not abuse its discretion when it allowed the testimony of the second forensic expert.

B.

Shortridge next contends that the district court erred in denying his motion for acquittal because the evidence was insufficient as a matter of law to sustain his convictions for possession of child pornography and attempted distribution of child pornography. Shortridge maintains that his computer's hard drive did not contain "an active collection of child pornography files," which was consistent with his testimony that he deleted any child pornography upon becoming aware of the nature of the downloaded files. Thus, Shortridge argues that a jury could not reasonably conclude that he knowingly possessed child pornography. Also, Shortridge argues that the record shows that he did not knowingly attempt to distribute child pornography. We disagree with these arguments.

In evaluating the sufficiency of the evidence, we do not review the credibility of the witnesses, and we assume that the factfinder resolved all contradictions in the testimony in favor of the government. *United States v. Foster*, 507 F.3d 233, 245 (4th Cir. 2007). We will not overturn a verdict if "'*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Dinkins*, 691 F.3d 358, 387 (4th Cir. 2012) (quoting *United States v. Penniegraft*, 641 F.3d 566, 571-72 (4th Cir. 2011)).

Here, there is ample evidence from which a jury reasonably could conclude that Shortridge possessed child pornography and attempted to distribute child pornography. At trial, Shortridge testified that he had downloaded and installed "Shareaza," a peer-to-peer software program. The evidence showed that, to use the Shareaza program, Shortridge was required to acknowledge the software's user agreement, which explained that downloaded

6

content was shared with other software users. While the software's installation process permitted Shortridge to opt-out of sharing files that he chose to download, Shortridge did not do so. Indeed, Shortridge expressly acknowledged that he understood that "Shareaza" was a peer-to-peer program "where you can share stuff."

Shortridge testified at trial that he used "Shareaza" to search only for adult pornography and that he deleted any child pornography files once he realized the contents of any such files. But Shortridge also acknowledged that the forensic evidence showed that he had entered numerous search terms within "Shareaza," and the government presented evidence that many of the search terms used by Shortridge were associated exclusively with child pornography. The evidence further demonstrated that Shortridge "clicked on" and "viewed" some of the images and videos of child pornography multiple times. Moreover, one of the government's expert witnesses testified that more than one thousand images of child pornography were accessible in Shortridge's "downloads" and "recycling bin" folders as late as April 28, 2019.[3]

On this record, we conclude that a jury was entitled to discredit Shortridge's testimony that he did not knowingly download and possess child pornography and that he did not knowingly share those files using a peer-to-peer software program. Thus, we hold that a jury reasonably could find that Shortridge knowingly possessed child pornography

---

[3] To the extent Shortridge argues that the record does not show that he possessed child pornography "on or about May 1, 2019," we disagree. As we held in *United States v. Ward*, 676 F.2d 94, 96 (4th Cir. 1982), the government was required to prove only that the crime occurred on a date "reasonably near that alleged" in the indictment. Here, the government's evidence satisfies that standard.

and took a substantial step toward knowingly distributing child pornography. *See United States v. Neal*, 78 F.3d 901, 906 (4th Cir. 1996) (explaining that a defendant can be convicted of attempt only when the government shows that the defendant has culpability to commit the crime charged and has taken "a substantial step towards the completion" of that crime).

C.

Finally, Shortridge argues that his sentence is both procedurally and substantively unreasonable. Shortridge primarily challenges the district court's application of a two-level sentencing enhancement for knowingly engaging in the distribution of child pornography. *See* U.S.S.G. § 2G2.2(b)(3)(F). Similar to his arguments regarding the sufficiency of the evidence, Shortridge contends that the government failed to show that any completed distribution of child pornography was done knowingly. Shortridge also asserts that his sentence "overstates the seriousness" of his conduct and is greater than necessary to achieve the purpose of sentencing. We disagree.

We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). When considering a challenge to the reasonableness of a sentence imposed by the district court, "we consider both substantive reasonableness, considering the totality of the circumstances, and procedural reasonableness, ensuring that the district court committed no significant procedural error, such as miscalculating the sentencing guidelines, failing to consider the § 3553(a) criminal and personal history factors, or selecting a sentence based on erroneous facts." *United States v. Zelaya*, 908 F.3d 920, 930 (4th Cir. 2018) (citation omitted).

8

We first review a defendant's sentence for procedural error, and we consider the substantive reasonableness of the sentence only when there has not been any procedural error. *See United States v. Bolton*, 858 F.3d 905, 911 (4th Cir. 2017). A defendant's challenge to the district court's calculation of the Guidelines, including the court's application of any sentencing enhancements, raises an issue of procedural error. *See United States v. Pena*, 952 F.3d 503, 512 (4th Cir. 2020) (citation omitted), *as amended* (Mar. 11, 2020). In addressing such an allegation of error, we review the district court's legal conclusions *de novo* and the court's factual findings for clear error. *United States v. Horton*, 693 F.3d 463, 474 (4th Cir. 2012).

We do not discern any procedural error in the district court's calculation of the Sentencing Guidelines range for Shortridge. In particular, we reject Shortridge's contention that the district court erred when it applied the sentencing enhancement in U.S.S.G. § 2G2.2(b)(3)(F). To support imposition of that sentencing enhancement, the government bore the burden of proving by a preponderance of the evidence that Shortridge knowingly distributed child pornography.[4] *United States v. Kokinda*, 93 F.4th 635, 649 (4th Cir. 2024). We hold that the district court did not err in finding that the government met its burden.

---

[4] We observe that although the jury acquitted Shortridge of two counts of distribution of child pornography, those acquittals do not preclude the enhancement. We note that the recent Guidelines amendment limiting the use of acquitted conduct at sentencing is not retroactive and, thus, does not apply here. *See* U.S.S.G. Supp. to App. C, Amend. 826 (Nov. 1, 2024).

As outlined above, the evidence was sufficient to demonstrate that Shortridge knowingly installed a peer-to-peer software program for sharing software onto his computer with the understanding that any files he downloaded could be accessed by other users. The record further showed that Shortridge searched for and downloaded child pornography using that software, and that, at one point, there were hundreds of images of child pornography that Shortridge made accessible to other Shareaza users in the "downloads" folder on Shortridge's computer. Indeed, the government presented evidence at trial that a law enforcement officer was able to use software to download child pornography images from Shortridge's device. These facts showed by a preponderance of the evidence that Shortridge engaged in the distribution of child pornography when he knowingly installed and used the Shareaza software. Thus, we conclude that the district court did not clearly err in applying the sentencing enhancement under U.S.S.G. § 2G2.2(b)(3)(F).

We next consider the substantive reasonableness of the sentence imposed. To be substantively reasonable, a sentence must be "sufficient, but not greater than necessary," to accomplish the § 3553(a) sentencing goals. 18 U.S.C. § 3553(a); *see United States v. Rose*, 3 F.4th 722, 731 (4th Cir. 2021). When, as here, a sentence is within or below a properly calculated Guidelines range, we presume that the sentence is substantively reasonable. *United States v. Gutierrez*, 963 F.3d 320, 344 (4th Cir. 2020) (citation omitted). That presumption "can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.* (citation omitted).

10

We conclude that Shortridge has not shown that his term of imprisonment is unreasonable when measured against the factors in 18 U.S.C. § 3553(a).  Accordingly, Shortridge has failed to rebut the presumption of reasonableness accorded his below-Guidelines sentence.  *See Gutierrez*, 963 F.3d at 344.  We therefore hold that Shortridge has failed to demonstrate that his sentence is substantively unreasonable.

## II.

For these reasons, we affirm the district court's judgment with respect to Shortridge's convictions and sentence.

*AFFIRMED*