**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 11-1015

MARIELLE KRONBERG ("Molly"),

               Plaintiff – Appellee,

      v.

LYNDON LAROUCHE; BARBARA BOYD; LYNDON LAROUCHE POLITICAL
ACTION COMMITTEE; EIR NEWS SERVICE, INCORPORATED,

               Defendants – Appellants.

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.    Anthony J. Trenga,
District Judge. (1:09-cv-00947-AJT-JFA)

Argued: December 6, 2011          Decided: January 6, 2012

Before NIEMEYER, SHEDD, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Jonathan Richard Mook, DIMUROGINSBERG, PC, Alexandria,
Virginia, for Appellants.  James Stephen DelSordo, ARGUS LEGAL,
LLC, Manassas, Virginia, for Appellee.  **ON BRIEF:** Bernard J.
DiMuro, Nina J. Ginsberg, DIMUROGINSBERG, PC, Alexandria,
Virginia; Edward B. MacMahon, Jr., Middleburg, Virginia, for
Appellants.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marielle Kronberg, a former supporter of Lyndon LaRouche, instituted this action under 42 U.S.C. § 1985 against LaRouche, Barbara Boyd, the Lyndon LaRouche Political Action Committee, and the EIR News Service (collectively "the Defendants"), alleging that they conspired to injure her in retaliation for her testimony at LaRouche's 1988 criminal trial. Following the denial of the Defendants' Rule 12(b)(6) motion to dismiss, the case proceeded to discovery. After Kronberg failed to meet her discovery obligations, the magistrate judge ordered a show cause hearing and eventually entered a Report and Recommendation recommending that the case be dismissed without prejudice. Following a de novo review, the district court adopted the Report and Recommendation and dismissed the case without prejudice. On appeal, the Defendants argue that the district court should have dismissed the case with prejudice or, in the alternative, that the court should have granted its 12(b)(6) motion. For the following reasons, we affirm the district court's sanctions order and decline to consider the denial of the Rule 12(b)(6) motion.

I.

Kronberg and her husband, Kenneth, were members of the National Caucus of Labor Committees (NCLC), an organization of

2

LaRouche supporters. Kenneth also operated PMR, a printing company for LaRouche's materials. In April 2007, Kenneth committed suicide and, in the following months, LaRouche made statements blaming Kronberg for her husband's death and claiming that Kronberg falsely testified against LaRouche at the 1988 trial. In response, Kronberg filed an action against the Defendants in federal court, alleging that they violated 42 U.S.C. § 1985 and committed libel per se under Virginia law.

The Defendants moved to dismiss, claiming that § 1985 creates a cause of action for litigants—not witnesses like Kronberg—and that Kronberg's complaint failed to state a viable claim. The district court denied that motion.

The Defendants next moved to disqualify Kronberg's counsel, John Markham, who was the Assistant United States Attorney in charge of prosecuting LaRouche in 1988. The district court granted that motion and disqualified Markham from further involvement in the case. On July 7, 2010, the parties agreed to a joint discovery plan. At this point, Kronberg was represented by John Bond, who had been serving as local counsel. As relevant here, Kronberg failed to meet her discovery obligations, and Bond eventually moved to withdraw. Kronberg's discovery failures ultimately led the Defendants to file a Motion to Dismiss and/or for Appropriate Sanctions for Failure to Comply with Discovery Orders.

The magistrate judge scheduled a hearing on the motion, which neither Bond nor Kronberg attended. That action prompted the magistrate judge to enter a show cause order "why this case should not be dismissed for failure to prosecute and failure to comply with previous orders of this court" and to schedule another hearing. (J.A. 285). Kronberg appeared at the show cause hearing, but Bond was again absent. During this hearing, Kronberg informed the court that Bond never told her about the discovery issues or the earlier hearing dates. She also read a statement requesting that the court reconsider the disqualification order.

On November 8, 2010, the magistrate judge entered a Report and Recommendation recommending that the case be dismissed without prejudice. The magistrate judge first noted that Bond had finally contacted the court, informing it of significant health problems and stating that he was simply unable to serve as lead counsel in a case given these health issues. On that basis, the magistrate judge recommended granting the motion to withdraw. Turning to the motion for sanctions, the magistrate judge found that Federal Rules of Civil Procedure 16 and 37(b) both authorized sanctions and that "sanctions are appropriate." (J.A. 293). The magistrate judge then stated, however, that it was "uncertain as to whether the responsibility for this bad faith conduct lays primarily with the plaintiff or with her

4

attorney," (J.A. 293) and that, because of this uncertainty, a dismissal without prejudice was the "more appropriate sanction in this case," (J.A. 295). In declining to dismiss the case with prejudice, the magistrate judge noted that, prior to Markham's disqualification, Kronberg had "demonstrated herself to be a capable and diligent litigant," thus suggesting that the failures to comply with the court orders might be more the fault of her attorney. (J.A. 296). The magistrate judge conceded that the record was unclear on exactly how blameworthy Kronberg herself was and that she undoubtedly "bears some personal responsibility" for the discovery abuses. (J.A. 297). After a de novo review, the district court adopted the magistrate's Report and Recommendation and dismissed the action without prejudice.[1]

## II.

On appeal, the Defendants contend that dismissal with prejudice was the appropriate sanction given Kronberg's flouting of the court's discovery orders.[2] We review a district court's

---

[1] Kronberg has since filed a new action in the Eastern District of Virginia.

[2] Because we affirm the district court's sanctions order dismissing the case without prejudice, and because Kronberg has already filed a new action, we decline to consider the portion of the appeal challenging the denial of the Rule 12(b)(6) motion.

sanctions order for abuse of discretion. <u>Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians</u>, 155 F.3d 500, 504 (4th Cir. 1998).

Two rules provide the basis for sanctions in this case. Rule 16(f) provides, in relevant part, that "the court may issue any just orders" if a "party or its attorney" either "fails to appear at a scheduling or other pretrial conference" or "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1). Rule 37(b) provides for sanctions for failure to comply with a court order and states that a court "may issue further just orders" which "may include," <u>inter</u> <u>alia</u>, "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v).

The Defendants rely primarily on <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 633-34 (1962), to argue that Kronberg should be responsible for her counsel's actions (or lack thereof). In <u>Link</u>, the Supreme Court held that a district court did not abuse its discretion in dismissing a case with prejudice when the attorney failed to appear at a pretrial conference. The Court explained that a party cannot "avoid the consequences of the acts or omissions of this freely selected agent." <u>Id.</u> Thus, "a civil plaintiff may be deprived of his claim if he failed to see to it that his lawyer acted with dispatch in the prosecution of his lawsuit." <u>Id.</u> at 634 n.10. We have recently reaffirmed the

6

continuing vitality of Link.  Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 409-11 (4th Cir. 2010).

The difficulty with the Defendants' argument is that Link (and our more recent precedent in Robinson) affirmed a district court's award of the harshest sanction.  Link does not create a requirement that a case be dismissed with prejudice when counsel flouts court rules.  In fact, the Defendants' counsel conceded at oral argument that he was unable to find any case in which a circuit court reversed a district court's order dismissing a case without prejudice as a sanction and remanded for dismissal with prejudice.

Instead, the decision to implement sanctions is left to the discretion of the trial court.  In this case, the magistrate judge weighed the facts before it and ultimately concluded that—because Kronberg had been a diligent litigant when she had counsel of choice—it was unfair to dismiss the case with prejudice.  This decision is consistent with the "strong policy that cases be decided on the merits, and that dismissal without deciding the merits is the most extreme sanction" that should only be done "with restraint."  United States v. Shaffer Equipment Co., 11 F.3d 450, 462 (4th Cir. 1993).  Importantly, the magistrate judge correctly identified the multi-factored test for whether dismissal with prejudice was appropriate, see

Anderson, 155 F.3d at 504; Shaffer, 11 F.3d at 462-63,[3] and applied that test to Kronberg's situation. We cannot say the court abused its discretion in declining to dismiss the case with prejudice.[4]

## III.

For the foregoing reasons, the district court's order is affirmed.

AFFIRMED

---

[3] In Shaffer, we explained that a court should look to the following factors in deciding whether to dismiss with prejudice:

> (1) the degree of the wrongdoer's culpability; (2) the extent of the client's blameworthiness if the wrongful conduct is committed by its attorney, recognizing that we seldom dismiss claims against blameless clients; (3) the prejudice to the judicial process and the administration of justice; (4) the prejudice to the victim; (5) the availability of other sanctions to rectify the wrong by punishing culpable persons, compensating harmed persons, and deterring similar conduct in the future; and (6) the public interest.

Shaffer, 11 F.3d at 462-63.

[4] The Defendants briefly argue that the district court should have inquired further into the possibility that Markham continued his participation in the case after his disqualification. We see no abuse of discretion in the district court's decision to decline further inquiry once it dismissed the case without prejudice.

8