**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 12-1133**

---

CYRIL M. LOGAR; R. STEPHEN SEARS,

        Plaintiffs – Appellants,

       v.

WEST VIRGINIA UNIVERSITY BOARD OF GOVERNORS, including members from 2008 through the present, a West Virginia state board; MARY ROBERTA BRANDT, individually and as former Vice President for Legal Affairs and General Counsel at West Virginia University and adjunct professor of law; BEVERLY D. KERR, individually and as Deputy General Counsel for West Virginia University; MAJORIE A. MCDIARMID, individually and as Steptoe and Johnson Professor of Law and Technology and Academic Integrity Officer for West Virginia University; MICHAEL S. GARRISON, individually and as former President of West Virginia University; C. PETER MCGRATH, individually and as former interim President of West Virginia University; JAMES P. CLEMENTS, individually and as current President of West Virginia University; E. JANE MARTIN, individually and as former Provost of West Virginia University,

        Defendants – Appellees.

---

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg. Frederick P. Stamp, Jr., Senior District Judge. (1:10-cv-00201-FPS)

---

Submitted: August 30, 2012      Decided: September 7, 2012

---

Before DAVIS, WYNN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

———————————

Thomas A. Clare, P.C., KIRKLAND & ELLIS LLP, Washington, D.C.; John H. Tinney, Jr., Wesley M. Jarrell, II, THE TINNEY LAW FIRM PLLC, Charleston, West Virginia; Robert J. Ridge, Ryan P. Stewart, THORP REED & ARMSTRONG, LLP, Pittsburgh, Pennsylvania, for Appellants. Stephen M. LaCagnin, Wendy G. Adkins, Seth P. Hayes, JACKSON KELLY PLLC, Morgantown, West Virginia; Debra H. Scudiere, KAY CASTO & CHANEY PLLC, Morgantown, West Virginia; Scott A. Curnutte, Elkins, West Virginia; Robert P. Fitzsimmons, Robert J. Fitzsimmons, FITZSIMMONS LAW OFFICES, Wheeling, West Virginia, for Appellees.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The Appellants, Drs. Cyril M. Logar and R. Stephen Spears, appeal the district court's orders granting summary judgment in favor of the Appellees on the Appellants' 42 U.S.C. § 1983 (2006) claims, and denying reconsideration and leave to amend the complaint.  For the reasons that follow, we affirm.

The Appellants first argue that the district court erred in converting the Appellees' motions to dismiss into summary judgment motions because the Appellants had not had a reasonable opportunity to conduct discovery.  We review a district court's conversion of a motion to dismiss to a summary judgment motion for abuse of discretion.  See Laughlin v. Metro. Wash. Airports Auth., 149 F.3d 253, 261 (4th Cir. 1998).  Under Fed. R. Civ. P. 12(d), if a district court considers matters outside of the pleadings in ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "the motion must be treated as one for summary judgment under Rule 56."  Moreover, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."  Fed. R. Civ. P. 12(d).

We have held that "the term reasonable opportunity requires that all parties be given some indication by the court that it is treating the 12(b)(6) motion as a motion for summary judgment, with the consequent right in the opposing party to file counter affidavits or pursue reasonable discovery."  Gay v.

3

*Wall*, 761 F.2d 175, 177 (4th Cir. 1985) (internal quotation marks and citations omitted). Here, the district court provided notice to the parties of its intention to convert the motions, and allowed the parties an opportunity to submit any additional information regarding the statute of limitations issue. We conclude, therefore, that the district court did not abuse its discretion in converting the motions to summary judgment motions.

The Appellants next argue that the court erred in granting summary judgment in favor of the Appellees and denying reconsideration. Specifically, the Appellants take issue with the court's application of the legal standards with respect to determining that their claims were time-barred under the applicable statute of limitations. We review de novo a district court's order granting summary judgment. *Providence Square Assocs., L.L.C. v. G.D.F., Inc.*, 211 F.3d 846, 850 (4th Cir. 2000). Summary judgment should be granted "if the movant shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment"

4

is proper.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249-50 (1986) (citations omitted).

Moreover, we review the denial of a Fed. R. Civ. P. 59(e) motion "under the deferential abuse of discretion standard."  <u>Robinson v. Wix Filtration Corp.</u>, 599 F.3d 403, 407 (4th Cir. 2010).  To merit relief under Rule 59(e), a movant has to demonstrate (1) an intervening change in controlling law; (2) new evidence not available at trial; or (3) that there has been a clear error of law or a manifest injustice.  <u>Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.</u>, 148 F.3d 396, 403 (4th Cir. 1998).

To determine the applicable statute of limitations for a § 1983 claim, a court must look to the state statute of limitations for personal injury torts.  <u>Wallace v. Kato</u>, 549 U.S. 384, 387 (2007).  In this case, the West Virginia statute of limitations for a personal injury action is two years.  <u>See</u> W. Va. Code § 55-2-12 (2009).  "[T]he accrual date of a § 1983 action[, however,] is a question of federal law that is <u>not</u> resolved by reference to state law."  <u>Wallace</u>, 549 U.S. at 388. We have carefully considered the relevant legal authorities and conclude that the district court did not err in determining when the Appellants' claims accrued.  We also conclude that the court did not abuse its discretion in denying the Appellants' motion for reconsideration.

Finally, the Appellants argue that the district court abused its discretion in denying their post-judgment motion for leave to amend the complaint to add new claims. We review a district court's denial of leave to file an amended complaint for abuse of discretion. See Laber v. Harvey, 438 F.3d 404, 428 (4th Cir. 2006) (en banc). Once a defendant has filed a responsive pleading, a plaintiff has only a limited time to amend his complaint as a matter of course; after that, he may amend his complaint only with leave of the court. See Fed. R. Civ. P. 15(a)(1), (2). The Rules provide that leave should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). This is so because of "the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." Laber, 438 F.3d at 426 (citation omitted).

Therefore, we have "interpreted Rule 15(a) to provide that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." Id. (internal quotation marks and citation omitted). Moreover, "a post-judgment motion to amend is evaluated under the same legal standard as a similar motion filed before judgment was entered." Id. at 427 (citation omitted). In addition, while a district court must vacate its judgment pursuant to Rule 59(e) or Fed. R. Civ. P. 60(b) prior

6

to granting a post-judgment motion for leave to amend a complaint, "[a] conclusion that the district court abused its discretion in denying a motion to amend . . . is sufficient grounds on which to reverse the district court's denial of a Rule 59(e) motion." Id. at 427-28 (citations omitted). Here, however, we have thoroughly reviewed the record and the relevant legal authorities and conclude that the district court's decision to deny leave to amend the complaint was not an abuse of discretion.

Accordingly, we affirm the district court's orders. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

7