**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 14-1192

CLIVE C. PETTIS, SR.,

Plaintiff - Appellant,

v.

NOTTOWAY COUNTY SCHOOL BOARD; DANIEL J. GROUNARD, Individually and in his official capacity as Division Superintendent, Nottoway County Schools,

Defendants - Appellees,

and

HELEN SIMMONS, Individually and in her official capacity as a duly elected Member of the Nottoway School Board; WALLACE HURT, Individually and in his official capacity as a duly elected Member of the Nottoway School Board; ROBERT HORN, Individually and in his official capacity as a duly elected Member of the Nottoway School Board; JACQUELINE HAWKES, Individually and in her official capacity as a duly elected Member of the Nottoway School Board; SHELLI HINTON, Individually and in her official capacity as a duly elected Member of the Nottoway School Board,

Defendants.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Henry E. Hudson, District Judge. (3:12-cv-00864-HEH-DJN)

Submitted: October 31, 2014      Decided: November 13, 2014

Before NIEMEYER, DUNCAN, and FLOYD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

JeRoyd W. Greene, III, ROBINSON AND GREENE, Richmond, Virginia, for Appellant.  R. Craig Wood, Melissa Wolf Riley, MCGUIREWOODS LLP, Charlottesville, Virginia, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Clive C. Pettis, Sr., appeals the district court's order denying his motion for summary judgment and granting summary judgment for the Nottoway County School Board and its superintendent, Daniel J. Grounard (collectively, "Defendants") and its order denying Pettis' Fed. R. Civ. P. 59(e) motion to alter or amend the judgment. Pettis alleges that his employment contract was not renewed on the basis of his race and in retaliation for his complaints of discrimination, in violation of 42 U.S.C. § 1981 (2012), 42 U.S.C. § 1983 (2012), and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to 2000e-17 (2012). Finding no error in the district court's orders, we affirm.

We review de novo whether a district court erred in granting summary judgment, viewing the facts and drawing all reasonable inferences in the light most favorable to the nonmoving party. Glynn v. EDO Corp., 710 F.3d 209, 213 (4th Cir. 2013). When reviewing an appeal from cross-motions for summary judgment, however, we separately review the merits of each motion, taking care to resolve all factual disputes and competing rational inferences in favor of the party opposing that motion, to ascertain whether "either of the parties deserves judgment as a matter of law." Rossignol v. Voorhaar, 316 F.3d 516, 523 (4th Cir. 2003) (internal quotation marks

3

omitted).  Summary judgment is properly granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Where, as here, a plaintiff does not allege direct evidence of discrimination, a plaintiff asserting racial discrimination may avoid summary judgment by proceeding under the burden-shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).[*]  To demonstrate a prima facie case of discrimination under that framework, a plaintiff must show that: he is a member of a protected class; he suffered an adverse employment action; at the time of the action, he was performing his job satisfactorily; and similarly situated employees outside the protected class were treated more favorably.  Hill v. Lockheed Martin Logistics Mgmt., Inc., 354 F.3d 277, 285 (4th. Cir. 2004).

We conclude that Pettis failed to establish that he was performing his job satisfactorily at the time his contract was not renewed.  Grounard received complaints from coworkers and Pettis' supervisor about his interactions with them and his failures to satisfactorily perform his required tasks.  During

---

[*] The elements of a discrimination claim are identical under the three statutes from which Pettis' claims arise.  Love-Lane v. Martin, 355 F.3d 766, 786 (4th Cir. 2004).

4

meetings with Grounard and other School Board employees, Pettis was insubordinate. Pettis received numerous warnings and discipline about these issues but failed to improve his performance.

Next, Pettis argues that the district court ignored his most recent complaints of harassment when it concluded that he failed to establish a necessary element of his retaliation claim. To establish a prima facie case of retaliation, a plaintiff must demonstrate that: (1) he engaged in protected activity; (2) an adverse employment action was taken against him; and (3) there was a causal link between the protected activity and the employment action. Holland v. Wash. Homes, Inc., 487 F.3d 208, 218 (4th Cir. 2007).

We conclude that Pettis' vague complaints of harassment are not protected activity. Protected activity includes both participation and opposition activity. Kubicko v. Ogden Logistics Servs., 181 F.3d 544, 551 (4th Cir. 1999). A complaint is protected as opposition activity if it is a response to an employment practice that is, or that the plaintiff reasonably believes is, unlawfully discriminatory. Jordan v. Alt. Res. Corp., 458 F.3d 332, 338-39 (4th Cir. 2006). Pettis could not reasonably believe, nor did he at the relevant time ever assert, that his employer's actions were unlawfully discriminatory.

We further find that Pettis fails to establish a causal connection between his only protected activity — filing an EEOC complaint — and the nonrenewal of his contract. "[A] causal connection for purposes of demonstrating a prima facie case exists where the employer takes adverse employment action against an employee shortly after learning of the protected activity." Price v. Thompson, 380 F.3d 209, 213 (4th Cir. 2004). However, the temporal nexus between two events cannot provide proof of causation unless the "temporal proximity between an employer's knowledge of protected activity and an adverse employment action" was "very close." Clark Cnty. Sch. Dist. v. Breeden, 532 U.S. 268, 273 (2001) (per curiam) (internal quotation marks omitted). Pettis' EEOC complaint was filed nearly four years before his contract was not renewed. While other relevant evidence may be used to support a claim of causal connection where temporal proximity is lacking, Lettieri v. Equant Inc., 478 F.3d 640, 650 (4th Cir. 2007), Pettis has failed to proffer any such evidence.

Finally, Pettis challenges the district court's denial of his Rule 59(e) motion to alter or amend. We review for abuse of discretion. Wilkins v. Montgomery, 751 F.3d 214, 220 (4th Cir. 2014). A district court may grant a Rule 59(e) motion "if the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at

6

trial, or (3) that there has been a clear error of law or a manifest injustice." Robinson v. Wix Filtration Corp., 599 F.3d 403, 407 (4th Cir. 2010).

We find no abuse of discretion here. Although Pettis disputed the district court's substantive rulings on his claims, "mere disagreement does not support a Rule 59(e) motion." Hutchinson v. Staton, 994 F.2d 1076, 1082 (4th Cir. 1993).

Accordingly, we affirm the district court's orders. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before this court and argument will not aid the decisional process.

AFFIRMED