NOT DESIGNATED FOR PUBLICATION

No. 116,996

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BRENT J. BUETTGENBACH,
*Appellant*.

MEMORANDUM OPINION

Appeal from Atchison District Court; ROBERT J. BEDNAR, judge. Opinion filed February 2, 2018. Appeal dismissed.

*John R. Kurth*, of Kurth Law Office Incorporated, P.A., of Atchison, for appellant.

*Gerald R. Kuckelman*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MCANANY, P.J., GARDNER, J., and TIMOTHY L. DUPREE, District Judge, assigned.

PER CURIAM:  In this appeal, Brent J. Buettgenbach appeals the district court's order for restitution. This appeal initially was dismissed on April 11, 2017, due to Buettgenbach's failure to timely file his appellate brief. We reinstated the appeal on the condition that the parties brief the issue of whether the office e-mail issues of Buettgenbach's counsel warranted reinstatement. Now, on review of Buettgenbach's brief, we conclude that he has failed to adequately address the issue and fails to show excusable neglect. Accordingly, this appeal is dismissed.

1

On December 16, 2016, Buettgenbach filed a timely notice of appeal from the district court's rulings. His counsel requested transcripts for purposes of this appeal on December 21 and 27, 2016.

On January 3, 2017, Buettgenbach filed the docketing statement. That same day the court reporter filed a certification that the transcript had been completed pursuant to Rule 3.03(e) (2017 Kan. S. Ct. R. 22). The certificate of service on that document indicates it was deposited on that date in both the prosecutor's and defense counsel's courthouse mail boxes. Buettgenbach's counsel would have expected the table of contents to be completed thereafter by the end of January 2017, but he apparently failed to inquire about it when, as he now claims, he did not receive a copy.

Buettgenbach's appellate brief was due on February 6, 2017, but was not filed by that date. No motion for an extension of time was filed.

On February 23, 2017, this court issued an order advising counsel he had until March 15, 2017, to file his brief or his appeal would be dismissed. Buettgenbach failed to comply, and on April 11, 2017, his appeal was dismissed.

The following day, Buettgenbach moved this court to reinstate his appeal, arguing that his failure to comply with the February 23, 2017, order was caused by e-mail issues in his counsel's office. His motion was conditionally granted on April 27, 2017. The parties were instructed to brief the issue of whether Buettgenbach's counsel's e-mail issues warranted reinstatement. We requested the parties to consider the nonbinding, but persuasive, decision by the Fourth Circuit Court of Appeals in *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403 (4th Cir. 2010).

In *Robinson*, the court had set a deadline for the filing of dispositive motions. Wix filed a timely summary judgment motion, but Robinson failed to respond. The district

court granted the motion, and Robinson moved for relief from the judgment, claiming he never received the notice of electronic filing of the motion due to problems with his counsel's computer system. The district court denied the motion, finding that the "'computer problems did not relieve Robinson's counsel of his obligation to continue to monitor the docket in this case.'" 599 F.3d at 407. The Fourth Circuit held that Robinson failed to receive notice because of his own conscious choice not to take actions regarding his computer issues and his "affirmative decision to remain in the dark." 599 F.3d at 409. The court clarified that it was not imposing a new duty to monitor dockets, but

> "we conclude that counsel cannot make the calculated choice to take no action with respect to his electronic inaccessibility—by neither informing the court or the parties, nor by simply ascertaining from the court as to whether dispositive motions were filed when due—and then avail himself of discretionary relief from the consequences of that choice." *Robinson*, 599 F.3d at 410.

In our present case, Buettgenbach moved to reinstate this appeal and requested additional time to file his brief. According to Supreme Court Rule 5.02(c), a motion for an extension of time after the time to act has expired must provide reasons that qualify as excusable neglect. Rule 5.02 (2017 Kan. S. Ct. R. 31). "'Excusable neglect is a failure to take some proper step at the proper time, not because of the party's own carelessness or inattention, but because of some unexpected or unavoidable hindrance or accident.'" *Nielsen v. Pollan*, No. 111,911, 2015 WL 4879159, at *11 (Kan. App. 2015) (unpublished opinion), *rev. denied* 303 Kan. 1078 (2016). The party claiming excusable neglect has the burden of proof. *Canaan v. Bartee*, 272 Kan. 720, 733, 35 P.3d 841 (2001).

Here, Buettgenbach argues that because of problems with his counsel's office e-mail system, his counsel was unaware of the February 23, 2017, show cause order, which advised him that his brief was overdue and extended the filing deadline to March 15, 2017. He argues that in addition to the e-mail issue, he did not receive a copy of the

3

transcript or the table of contents until May 10, 2017, though the record shows that the court reporter placed in Buettenbach's counsel's box at the courthouse a certification to the completion of the transcript on January 3, 2017, the same day Buettgenbach filed his docketing statement. In response to this court's request that he address the *Robinson* decision, Buettgenbach merely states that the facts here are different from those in *Robinson*. He does not address whether his untimely brief was caused by excusable neglect. Finally, he fails to address the fact that he ignored the initial brief due date of February 6, 2017, and failed to seek a time extension of the filing date.

Buettgenbach has failed to fully comply with our conditional reinstatement order of April 27, 2017. His argument regarding his counsel's office e-mail problems do not warrant reinstatement. He has not demonstrated that we should now consider his tardy brief. Accordingly, this appeal is dismissed.

Appeal dismissed.