**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-1113**

ASHIDDA FORGUS,

        Plaintiff - Appellant,

        v.

JAMES MATTIS, Secretary, Department of Defense, (Defense Logistics Agency),

        Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  John A. Gibney, Jr., District Judge.  (3:16-cv-00673-JAG)

Submitted:  August 30, 2018                  Decided:  October 17, 2018

Before DUNCAN and DIAZ, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Scott Gregory Crowley, CROWLEY & CROWLEY, Glen Allen, Virginia, for Appellant. Tracy D. McCormick, Acting United States Attorney, Alexandria, Virginia, Elizabeth C. Wu, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ashidda Forgus appeals the district court's order granting Defendant's motion to dismiss her discrimination, retaliation, and hostile work environment claims,[*] which she brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000e to 2000e-17 (West 2012 & Supp. 2018) (Title VII). On appeal, Forgus first asserts that the district court: (1) impermissibly credited factual allegations proffered by the Defendant in deciding the motion to dismiss; (2) erred when it determined that Defendant's failure to transfer or hire her for her preferred position were not adverse employment actions sufficient to support her discrimination claims; and (3) erred when it determined that the actions Forgus experienced after she complained to management were not materially adverse to support her retaliation claims. Finding no reversible error, we affirm.

We review de novo the district court's dismissal of a complaint under Fed. R. Civ. P. 12(b)(6). *See Hall v. DIRECTV, LLC*, 846 F.3d 757, 765 (4th Cir. 2017), *cert. denied*, 138 S. Ct. 635 (2018). When ruling on a motion to dismiss, a court must accept as true the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff. *See E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011).

---

[*] Forgus does not challenge the district court's dismissal of her harassment claims and, thus, she has waived any challenge to the district court's disposition. *See IGEN Int'l, Inc. v. Roche Diagnostics GmbH*, 335 F.3d 303, 308 (4th Cir. 2003) (holding that a "[f]ailure to present or argue assignments of error in opening appellate briefs constitutes a waiver of those issues").

Under Fed. R. Civ. P. 8(a)(2), a complaint must only contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" To survive a motion to dismiss, however, a plaintiff's allegations must "state[] a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plausibility standard is not a probability requirement, but "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)); *see Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012) ("At bottom, a plaintiff must nudge [his] claims across the line from conceivable to plausible to resist dismissal." (internal quotation marks and alterations omitted)).

Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements[.]" *Iqbal*, 556 U.S. at 678. Thus, "naked assertions of wrongdoing necessitate some factual enhancement within the complaint to cross the line between possibility and plausibility of entitlement to relief." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted).

Notably, while a Title VII plaintiff is not required to plead facts that constitute a prima facie case in order to survive a motion to dismiss, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510-15 (2002), "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555. In other words, "the

3

Supreme Court's holding in *Swierkiewicz* . . . did not alter the basic pleading requirement that a plaintiff set forth facts sufficient to allege each element of his claim." *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002).

We reject Forgus' argument that the district court impermissibly credited factual allegations proffered by the Defendant in deciding the motion to dismiss. Forgus attached numerous documents to her complaint, which included sworn affidavits of several of Defendant's employees. The district court's factual findings about which Forgus complains were clearly supported by the documents she attached to her complaint. Forgus does not challenge the district court's reliance on the documents' contents in deciding Defendant's motion to dismiss, and we discern no reversible error in the district court's reliance. *See* Fed. R. Civ. Pro. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes"); *see also Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) ("In reviewing a 12(b)(6) dismissal . . . [w]e may also consider documents attached to the complaint.").

We also discern no error in the district court's decision to grant Defendant's motion to dismiss Forgus' race and sex discrimination claims. To establish her discrimination claims, Forgus was required to allege facts sufficient to establish: "(1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class." *See Goode v. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619, 626 (4th Cir. 2015). To constitute an "adverse employment action" for purposes of a Title VII disparate treatment claim, the alleged action must "adversely affect the terms,

4

conditions, or benefits of the plaintiff's employment." *See James v. Booz-Allen & Hamilton, Inc.*, 368 F.3d 371, 375 (4th Cir. 2004) (internal quotation marks and alteration omitted). Mere dissatisfaction fails to meet the standard; the plaintiff must show "some significant detrimental effect[.]" *Holland v. Washington Homes, Inc.*, 487 F.3d 208, 219 (4th Cir. 2007).

The allegations in Forgus' complaint consisted of "labels and conclusions" that were insufficient to withstand a motion to dismiss, or complained of actions that were not "adverse[.]" *See, e.g.*, *Wheat v. Fla. Parish Juvenile Justice Comm'n*, 811 F.3d 702, 709 (5th Cir. 2016) (holding that the "mere denial of a reassignment to a purely lateral position (no reduction in pay and no more than a minor change in working conditions), is typically not a materially adverse action" (internal quotation marks omitted)); *Brown v. Advocate S. Suburban Hosp.*, 700 F.3d 1101, 1108 (7th Cir. 2012) (explaining that the denial of a transfer would only be a materially adverse action if "the transfer would have resulted in higher pay or benefits"). We thus agree with the district court that Forgus' complaint failed to sufficiently allege the elements necessary to state her race and sex discrimination claims.

Finally, we discern no reversible error in the district court's decision to dismiss Forgus' retaliation claims. Notably, Forgus failed to oppose Defendant's motion to dismiss her retaliation claims in any meaningful way and, thus, she has waived appellate review over the district court's dismissal of those claims. *See Robinson v. Wax Filtration Corp. LLC*, 599 F.3d 403, 411 n.10 (4th Cir. 2010) ("We have previously made it clear that the failure to present an argument to the district court constitutes waiver before this

5

court."); *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 421-22 (4th Cir. 2005) (no fundamental miscarriage of justice where plaintiff did not allege a particular ground for relief in opposition to motion to dismiss). In fact, such unpreserved arguments may not be addressed on appeal unless plain error has occurred or exceptional circumstances exist. *See Williams v. Prof'l Transp. Inc.*, 294 F.3d 607, 614 (4th Cir. 2002). Counsel does not argue that it was plain error for the district court to dismiss Forgus' retaliation claims, nor does counsel argue that exceptional circumstances exist justifying this court's consideration of the district court's dismissal. *See IGEN Int'l, Inc.*, 335 F.3d at 308.

We nonetheless discern no error in the district court's rationale for dismissal. To prevail on her retaliation claims, Forgus was required to allege that: (1) she engaged in a protected activity; (2) an adverse action was taken against her by the Defendant; and (3) there was a causal connection between the first two elements. *See Lettieri v. Equant Inc.*, 478 F.3d 640, 650 (4th Cir. 2007). To establish that Defendant's actions were sufficiently adverse, Forgus was required to allege facts sufficient to allow an inference "that a reasonable employee would have found the challenged action[s] materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Sante Fe Ry. v. White*, 548 U.S. 53, 68 (2006) (internal quotation marks and citations omitted). An action is not materially adverse, however, if it amounts to "petty slights or minor annoyances that often take place at work and that all employees experience." *Id.* To make that assessment, a court must consider the context of the claimed adverse actions. *Id.* at 69. We agree with the district court that none of the actions about which Forgus

complains on appeal constitute materially adverse employment actions sufficient to support her retaliation claims.

Based on the foregoing, we affirm the district court's order granting Defendant's motion to dismiss. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*