**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 23-6944**

---

JOHN DWAYNE GARVIN,

        Petitioner - Appellant,

    v.

LEVERN COHEN, Warden,

        Respondent - Appellee.

---

Appeal from the United States District Court for the District of South Carolina, at Charleston.  David C. Norton, District Judge.  (2:22-cv-00994-DCN)

---

Submitted:  January 31, 2024                    Decided:  February 29, 2024

---

Before WILKINSON, RICHARDSON, and QUATTLEBAUM, Circuit Judges.

---

Dismissed by unpublished per curiam opinion.

---

John Dwayne Garvin, Appellant Pro Se.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Dwayne Garvin seeks to appeal the district court's orders accepting the recommendation of the magistrate judge and denying relief on Garvin's 28 U.S.C. § 2254 petition and denying his Fed. R. Civ. P. 59(e) and 60(b) motions. The orders are not appealable unless a circuit justice or judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong. *See Buck v. Davis*, 580 U.S. 100, 115-17 (2017). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right. *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

We have independently reviewed the record and conclude that Garvin has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal.* Garvin's motion to remand and emergency motion are denied. We dispense with

---

* The district court denied the motions for reconsideration based on its mistaken belief that Garvin's appeal divested it of jurisdiction to consider the motions. However, Garvin failed to state grounds for Rule 59(e) relief, *see Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 407 (4th Cir. 2010), and his Rule 60(b) motion sought to reargue the claims he asserted in his § 2254 petition and therefore was an unauthorized, successive § 2254 petition over which the district court lacked jurisdiction; *see* 28 U.S.C. § 2244(b)(3);

2

oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

*United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003). Therefore, the denial of the motions for reconsideration is not debatable.