**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 23-1471**

JESSICA GIFFORD,

> Plaintiff - Appellee,

v.

HORRY COUNTY POLICE DEPARTMENT; SAUNDRA RHODES,

> Defendants - Appellants,

and

HORRY COUNTY, SOUTH CAROLINA; SCOTT RUTHERFORD; THOMAS DELPERCIO; WILLIAM SQUIRES; DALE BUCHANAN,

> Defendants.

Appeal from the United States District Court for the District of South Carolina, at Florence. Mary G. Lewis, District Judge. (4:16-cv-03136-MGL)

Submitted: October 23, 2024                  Decided: December 19, 2024

Before WILKINSON and WYNN, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Andrew F. Lindemann, LINDEMANN LAW FIRM, P.A., Columbia, South Carolina; Samuel F. Arthur, III, AIKEN BRIDGES ELLIOTT TYLER & SALEEBY,

P.A., Florence, South Carolina; Lisa A. Thomas, RICHARDSON PLOWDEN & ROBINSON, P.A., Myrtle Beach, South Carolina, for Appellants. Kathleen C. Barnes, BARNES LAW FIRM, LLC, Hampton, South Carolina; James B. Moore, III, Scott C. Evans, EVANS MOORE, LLC, Georgetown, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jessica Gifford filed suit against the Horry County Police Department ("HCPD") and Saundra Rhodes (collectively, Appellants), and several other parties with whom Gifford settled her claims prior to trial. Gifford asserted causes of action against HCPD for negligence in violation of the South Carolina Tort Claims Act, and against Rhodes for violation of her constitutional rights pursuant to 42 U.S.C. § 1983. The jury found for Gifford on both claims, awarding her $500,000 against HCPD and a nominal judgment against Rhodes. After the judgment, Appellants filed a Fed. R. Civ. P. 59(e) motion seeking, inter alia, a remittitur in the award against HCPD, and Gifford filed a motion for attorney's fees, reasonable litigation expenses, and costs under 42 U.S.C. § 1988. The district court denied Appellants' Rule 59(e) motion and granted in part Gifford's requests for fees and costs. On appeal, Appellants challenge both orders. We affirm.

We review the district court's order dismissing HCPD's Rule 59(e) motion for abuse of discretion. *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 407 (4th Cir. 2010). The district court may grant a Rule 59(e) motion "if the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice." *Id.* The purpose of Rule 59(e) is to "permit[] a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Id.* Based on our review of the record, we conclude that the district court did not abuse its discretion in denying Appellants' postjudgment motion.

3

Next, we review for abuse of discretion the district court's order granting attorney's fees, reasonable litigation expenses, and costs. *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 186 (4th Cir. 2013) (reviewing award of attorney's fees); *Country Vintner of N.C., LLC v. E. & J. Gallo Winery, Inc.*, 718 F.3d 249, 254 (4th Cir. 2013) (reviewing award of costs). We review the district court's conclusion that Gifford was entitled to attorney's fees de novo. *See Johannssen v. Dist. No. 1-Pac. Coast Dist., MEBA Pension Plan*, 292 F.3d 159, 178 (4th Cir. 2002) (questions of law arising in course of attorney's fee determination are reviewed de novo), *abrogated on other grounds by Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 128 (2008)). We have reviewed the record and the relevant legal authorities and conclude that the district court did not err in awarding attorney's fees, reasonable litigation expenses, and costs to Gifford.

Accordingly, we affirm the district court's orders. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4