**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 24-6452**

_____

HAMZA TEBIB,

Plaintiff - Appellant,

v.

ALLISON S. CAPPS, ADA, Granville County; ADA BROWN, Granville County District Attorney's Office; CHIEF JAMES CHAMPION, Butner Police Safety; SGT. LOMINA BRANDON, Butner Police Safety; SHERIFF ROBERT D. FOUNTAIN, Granville Sheriff's Department; SHERIFF CLEMENT, Granville Sheriff's Department; CHIEF FRED ROBINSON, Granville Sheriff's Department; CAPTAIN YANCEE, Granville Sheriff's Department; EASTERN HEALTH PARTNERS; SOUTHERN HEALTH PARTNERS,

Defendants - Appellees.

_____

**No. 24-6813**

_____

HAMZA TEBIB,

Plaintiff - Appellant,

v.

ALLISON S. CAPPS, ADA, Granville County; ADA BROWN, Granville County District Attorney's Office; CHIEF JAMES CHAMPION, Butner Police Safety; SGT. LOMINA BRANDON, Butner Police Safety; SHERIFF ROBERT D. FOUNTAIN, Granville Sheriff's Department; SHERIFF CLEMENT, Granville Sheriff's Department; CHIEF FRED ROBINSON, Granville Sheriff's Department; CAPTAIN YANCEE, Granville Sheriff's Department; EASTERN HEALTH PARTNERS; SOUTHERN HEALTH PARTNERS,

                  Defendants - Appellees.

---

Appeals from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:23-ct-03288-FL)

---

Submitted:  December 11, 2024                    Decided:  February 14, 2025

---

Before HARRIS and QUATTLEBAUM, Circuit Judges, and TRAXLER, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Hamza Tebib, Appellant Pro Se.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Hamza Tebib appeals the district court's orders and judgment dismissing his civil rights complaint without prejudice for failure to comply with its order to submit an amended complaint and denying his Federal Rule of Civil Procedure 59(e) motion. We affirm.

We review de novo the district court's dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) of Tebib's claims asserting that law enforcement and other officials violated his civil rights by not investigating or pursuing criminal charges against his wife. *See Martin v. Duffy*, 858 F.3d 239, 248 (4th Cir. 2017) (stating standard of review). Tebib has neither "an enforceable right to institute a criminal prosecution," *Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990), nor any judicially cognizable interest in the prosecution or non-prosecution of another, *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). We further conclude that the court did not abuse its discretion in dismissing Tebib's action without prejudice after he failed to comply with the court's April 29, 2024, order. *See Attkisson v. Holder*, 925 F.3d 606, 620 (4th Cir. 2019) (stating standard of review). Lastly, the court did not abuse its discretion in denying Tebib's Rule 59(e) motion. Tebib failed to alert the court to an intervening change in the controlling law, new evidence, or a clear error of law or a manifest injustice. *See Robinson v. Wix Filtration Corp., LLC*, 599 F.3d 403, 407 (4th Cir. 2010) (stating standard of review).

3

Accordingly, we affirm the district court's orders and judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*