**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-1916

DAVID ANTHONY BABB,

Plaintiff - Appellant,

v.

DAVID ISOM; RUDY SOCHA, CEO, Wounded Nature Working Veterans; JOHN J. TECKLENBURG, Retired; MIKE MERRILL, City Police Officer; S.C. ATTORNEY GENERAL ALAN WILSON, Attorney General for SC; WOUNDED NATURE- WORKING VETERANS 501 C(3), Registered Agent: Rudy Socha; SARAH REED, DHEC Agent, South Carolina Coastal Management Council,

Defendants - Appellees.

Appeal from the United States District Court for the District of South Carolina, at Charleston.  Richard Mark Gergel, District Judge.  (2:23-cv-03218-RMG)

Submitted:  April 1, 2026                                    Decided:  April 16, 2026

Before NIEMEYER, AGEE, and HEYTENS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

David Anthony Babb, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Anthony Babb appeals the district court's order accepting the recommendation of the magistrate judge and dismissing Babb's 42 U.S.C. § 1983 complaint under 28 U.S.C. § 1915(e)(2)(B), the district court's order denying relief under Fed. R. Civ. P. 59(e), and the district court's denial of Babb's motions for appointment of counsel.[1]  Finding no reversible error, we affirm.[2]

We review de novo a district court's dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim, accepting as true all well pleaded allegations in the plaintiff's complaint and drawing all reasonable inferences in the plaintiff's favor.  *Martin v. Duffy*, 858 F.3d 239, 248 (4th Cir. 2017).  To withstand dismissal, "[a] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Kashdan v. George Mason Univ.*, 70 F.4th 694, 700 (4th Cir. 2023) (internal quotation marks omitted).  A claim is plausible if the plaintiff "provides sufficient detail . . . to show that he has a more-than-conceivable chance of success on the merits."  *Owens v. Balt. City State's Attys Off.*, 767 F.3d 379, 396 (4th Cir. 2014).  In conducting this analysis, we need

---

[1] Babb moves to include as part of the record on appeal various motions that he asserts the district court did not address.  We deny the motion as moot.  *See* Fed. R. Civ. P. 10(a)(1) (defining record on appeal to include "the original papers and exhibits filed in the district court").

[2] Babb asserts that we lack jurisdiction to consider the merits of the district court's judgment under *Porter v. Zook*, 803 F.3d 694 (4th Cir. 2015), because the district court failed to rule on all relevant claims and motions.  To the contrary, we conclude that the district court's orders are final and appealable.  *See Hixson v. Moran*, 1 F.4th 297, 301 (4th Cir. 2021).

2

not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Martin*, 858 F.3d at 248 (internal quotation marks omitted).

On appeal, we confine our review to the arguments raised in the informal brief. *See* 4th Cir. R. 34(b); *Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014). We have reviewed the record and find no reversible error in the district court's § 1915(e)(2)(B)(ii) dismissal. Notably, our review reveals that Babb failed to allege plausible facts from which to conclude that Defendants David Isom and Rudy Socha were state actors for purposes of § 1983. *See Manhattan Cmty. Access Corp. v. Halleck*, 587 U.S. 802, 814, 816 (2019) (recognizing that licensing, contracting, or regulation by state are insufficient); *Peltier v. Charter Day School, Inc.*, 37 F.4th 104, 115 (4th Cir. 2022) (en banc) (discussing state actor requirements); *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 181 (4th Cir. 2009) (explaining that state approval or acquiescence in private action is insufficient). We also conclude that the district court did not reversibly err in declining to exercise admiralty jurisdiction, *see Balt. Gas & Elec. Co. v. Coastline Commercial Contracting, Inc.*, 107 F.4th 264, 268 (4th Cir.) (discussing admiralty jurisdiction and claims), *cert. denied*, 145 S. Ct. 985 (2024); *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (requiring complaint to allege sufficient facts to invoke subject matter jurisdiction), or in recognizing a First Amendment claim related to Babb's access to a parking lot, *see Fauconier v. Clarke*, 966 F.3d 265, 277 (4th Cir. 2020) (elements of First Amendment claim); *Willis v. Town of Marshall*, 426 F.3d 251, 263 (4th Cir. 2005) (same).

Turning to Babb's postjudgment motion, we review a district court's ruling on a Rule 59(e) motion for abuse of discretion. *JTH Tax, Inc. v. Aime*, 984 F.3d 284, 290 (4th

3

Cir. 2021). "[A] court may alter or amend the judgment if the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 407 (4th Cir. 2010). A Rule 59(e) motion cannot be used to present "new arguments or evidence that the moving party could have raised before the decision issued." *Daulatzai v. Maryland*, 97 F.4th 166, 178 (4th Cir. 2024) (internal quotation marks omitted). "[N]or may [it] be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *JTH Tax*, 984 F.3d at 290 (internal quotation marks omitted).

When a plaintiff seeks leave to amend a complaint through a Rule 59(e) motion, "the broad standard for allowing a court to grant the motion allows the court simply to turn to the standard applicable to the motion to amend." *Daulatzai*, 97 F.4th at 178-79. In other words, the "court should evaluate [the] postjudgment motion to amend the complaint under the same legal standard as a similar motion filed before the judgment was entered—for prejudice, bad faith, or futility." *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011) (internal quotation marks omitted).

Our review of the record reveals no reversible error in the district court's denial of Rule 59(e) relief. *See Daulatzai*, 97 F.4th at 178-79; *see also Misjuns v. City of Lynchburg*, 139 F.4th 378, 384 (4th Cir. 2025) (discussing requirements for establishing municipal liability). Finally, we find no reversible error in the district court's refusal to appoint counsel for Babb. *See Jenkins v. Woodard*, 109 F.4th 242, 247-48 (4th Cir. 2024) (discussing factors relevant to appointment of counsel).

4

Accordingly, we affirm the district court's judgment.    We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*